JOSEPH M. STANFORD, as Assignee, Plaintiff, *v.* CAYUGA LINEN AND COTTON MILLS, INC., Defendant.

Supreme Court, Cayuga County, August 28, 1939.

*Herman Brasch [William S. Elder, Jr., of counsel], for the plaintiff.*

*Robert J. Burritt [Perry E. Leary of counsel], for the defendant.*

KENYON, J. The plaintiff, Joseph M. Stanford, resides in the city of New York. On or about the 18th day of June, 1936, more than three years ago, he commenced this action against the defendant, Cayuga Linen and Cotton Mills, Inc., upon a contract agreement alleged in the complaint to be in writing, whereby the Woodstock Mills is alleged to have agreed to manufacture 20,000 pounds of yarn weekly. The amount demanded by the plaintiff in his complaint is $30,000 with interest from February 1, 1935. The separate defense set up by way of recoupment and setoff, by the defendant, amounts to $19,814.46.

The original contract was between the Woodstock Mills and the defendant. The Woodstock Mills, I am informed, is a corporation doing business in the State of Alabama. Why the cause of action was assigned to this plaintiff does not appear. Was it in order to lay jurisdiction in the State of New York? Or was it in order to cut off the defendant from alleging a counterclaim against the Woodstock Mills, or both? It might well be both.

The defendant had a counterclaim and incorporated it in its first answer. On motion the plaintiff had it stricken out because it could not stand against an assignee. But the court did allow the defendant to plead over and the answer now contains a setoff, which is proper, for $19,814.46. (See *Blog* v. *Burden & Co., Inc.*, 238 App. Div. 634.) The court is, therefore, sufficiently informed by a proper allegation that the defendant does claim a setoff and recoupment against the plaintiff which it intends to prove at the trial. This claim of recoupment was properly made and is timely. If established at the trial, it will be a substantial right.

At this point, plaintiff further signified his initiative in invoking the forum of the Supreme Court of the State of New York by filing a note of issue, which was duly served upon the defendant's attorney, together with a demand for a trial by jury and a notice for trial in the Supreme Court in the county of New York. These notices were served on or about November 18, 1936.

The venue was originally laid in the county of New York. Upon motion of the defendant and a proper order made thereon the venue was changed to the county of Cayuga, N. Y., which is the location of the home office of the defendant. The grounds of said order were based upon the convenience of the material witnesses and the furtherance of justice. The motion was granted on or about February 25, 1937, at a Special Term, Part I, of the Supreme Court, county of New York.

On or about July 29, 1937, a note of issue was duly filed in behalf of the defendant and service thereof on the attorney for the plaintiff was also made, thereby noticing the case for trial at the Trial Term of the Supreme Court in Cayuga county in 1937. On motion of the plaintiff, the case was put over the term.

On the 4th day of December, 1937, a motion was made by the plaintiff at Special Term of Supreme Court, in the county of Cayuga, N. Y., for an order permitting an amendment to the complaint. The defendant appeared and made a protracted argument. Briefs were filed by both parties. The motion was taken under serious advisement. The motion was denied. An appeal was taken to the Appellate Division of the Supreme Court for the Fourth Department from the aforesaid order. The court unanimously affirmed the order of the Special Term (255 App. Div. 928). The amendment sought to be made was an allegation that the contract upon which the action is based was partly in writing and partly oral. The action had already been pending two years. Some other motions have been made in the case.

By affidavit it appears to the court that the defendant has incurred, in the defense of this action, considerable expense by

way of legal services and disbursements, amounting to $2,374.82. That, in addition thereto, the defendant has incurred disbursements amounting to $95.84, making a total expense of this litigation to date, incurred by the defendant, $2,470.66.

It likewise appears that the case has been prepared for trial on two or three different occasions.

The plaintiff, by this motion, now seeks to discontinue the action, not on the merits, but upon payment of taxable costs to date only.

As a general rule, a plaintiff should be given permission to discontinue an action brought by him on payment of taxable costs and disbursements to the time of making the application. This rule is subject to certain limitations. One of which is, that such discontinuance should not be permitted where special circumstances exist which render the granting of the relief unjust or inequitable. Where facts are alleged which appear to establish that the defendant has acquired substantial rights then the granting of the motion becomes discretionary. Have substantial rights been acquired?

In this case the Woodstock Mills for some reason was so desirous to establish its forum in the State of New York that it assigned the claim to a resident of the State of New York. Thereafter several motions were made upon one of which the court, by order, changed the venue of the action to the county of Cayuga, N. Y., the home office of the defendant, specifying that this was done for the convenience of witnesses for the defendant who, the court assumes, will testify upon the question of the setoff alleged by the defendant. This is a substantial right and was determined in favor of the defendant.

Again, by motion, plaintiff sought to amend his complaint, enlarging the scope of the action. This was denied and the denial was unanimously affirmed by the Appellate Division. This was a distinct advantage to the defendant and, under the present circumstances, determines the law of the case. It is a substantial right. To allow the plaintiff to discontinue now would take from the defendant many substantial rights which it has acquired and would be unjust and inequitable. The plaintiff could assign the cause of action back to the Woodstock Mills or some other party, who, in turn, could bring another action on this same cause of action in a court wherein the law of the case, now established, would not be binding. The effect would be that the plaintiff would accomplish by indirection that which he could not, or did not do, directly.

The plaintiff would avoid the established law of the case, which fixes several substantial rights of the defendant, by merely discontinuing his suit, not on the merits. The plaintiff was asked, at the argument in the presence of the court, to stipulate for a

discontinuance upon the merits, and refused. That justifies the conjecture, upon a reasonable basis, that the plaintiff would now avoid the established law of the case in Supreme Court by discontinuance and then go into another forum and start over again. That could not help but be unjust and inequitable. This supposition is further borne out by a quotation in the affidavit of Joseph M. Stanford, from which I quote: " That the plaintiff lacks confidence in proceeding to trial with the pleadings as they now are and, accordingly, seeks to discontinue this action and offers to pay taxable costs herein to date." The law governing the complaint was definitely fixed by the decision of the Appellate Division, Fourth Department, of the State of New York. The plaintiff chose his forum. He made the motion to amend his pleading. The decision upon that motion conferred upon the defendant a substantial right of which it cannot be deprived.

The plaintiff has kept the defendant in the Supreme Court for three years. Just because he does not now like the law of the case that has been established by the appellate court, justice forbids that he should now be allowed to discontinue the case and drag the plaintiff into a different forum, thereby losing the benefits to be derived from the decisions rendered in the Supreme Court during the three years that the case has been pending therein.

Upon these reasons given, together with all the circumstances set forth in the moving papers, the court finds that it is compelled to exercise its discretion in favor of the defendant. The motion is, therefore, denied, with ten dollars costs to abide the event. Let an order be entered accordingly.