Aron Steuer,, J.
Upon the call of the calendar plaintiffs had the case marked discontinued. Defendants now seek by this motion to have the disposition changed so that the action may be held in abeyance rather than terminated; or that the discontinuance be with prejudice.
The action is a stockholders ’ representative action. It appears that another action by one of the same stockholders is pending in Delaware. This court has stayed the prosecution of the Delaware action during the pendency of this action. The object of discontinuing, as frankly admitted by plaintiffs is to be rid of this stay and to go ahead with the action in Delaware. The reason why plaintiffs prefer the out-of-State forum is there is virtually no chance of success here. Plaintiffs have been denied an examination before trial without which they concede they will be unable to prove a case. While defendants have not applied for security pursuant to section 61-b of the General Corporation Law they could at any time and plaintiffs concede they are in no position to supply it.
The consequence is that the plaintiffs after two years of pending litigation find that they are in such position that if they can proceed at all they will meet certain defeat. So, in effect, they have lost this action and they now wish to clear the decks to be free to go ahead with another action in a different forum.
Though the fictitious form of a stockholders’ representative action makes the application of procedural rules difficult at times, it has been generally recognized that in respect to right to control the action the plaintiff has the same right as plaintiffs in other actions, including the right to select the forum (Paramount Pictures v. Blumenthal, 256 App. Div. 756) and to discontinue at his pleasure (Clarke v. Greenberg, 296 N. Y. 146). But he is also subject to the same limitations in discontinuing that any other plaintiff would be. He may not dis *830 continue to escape the law of the case (Stanford v. Cayuga Linen & Cotton Mills, 171 Misc. 1001, affd. 261 App. Div. 877). Particularly having lost the case he may not discontinue to escape a decision on the merits (Gets v. Harry Silver stein, Inc., 205 Misc. 431).
However no purpose is served by marking the case off the calendar and no power exists to prevent plaintiffs from defaulting. All that defendants would be entitled to would be obtained by a discontinuance with prejudice and costs. If plaintiffs are willing to grant this it must be accepted. If not, the case should be allowed to take its course. What effect these steps will have on litigation in another jurisdiction is a matter for that forum to determine and decision here cannot be influenced by what may happen there.
Defendants’ motion is granted to the following extent: The case will be restored to the Day Calendar for May 27, 1959 unless prior to that date plaintiffs file with the calendar clerk a consent to discontinue the action with prejudice and, with costs.