HOWARD SCHULTZ, Respondent, v. RAYMOND KOBUS, Appellant.

Fourth Department, February 15, 1962.

*Weaver, Maghran & McCarthy* (*W. Donn McCarthy* of counsel), for appellant.

*Patrick T. Hurley* for respondent.

HENRY, J. Plaintiff commenced an action against defendant on April 25, 1959 to recover a judgment for injuries sustained in an automobile accident which occurred on February 14, 1959. On May 11, 1959, defendant answered the complaint and demanded a bill of particulars. Plaintiff failed to comply with the demand and on defendant's motion an order was granted on June 26, 1959 to preclude plaintiff from giving evidence of the matters stated in the demand, unless a bill of the particulars demanded should be served within 10 days from the date of service of a copy of the order. No attempt has been made by plaintiff to comply with or to vacate the order of preclusion. On May 25, 1961, he moved for an order to discontinue the action without prejudice. The motion was granted and the order appealed from was entered. It provided that the action be discontinued upon payment by plaintiff to defendant of the defendant's costs.

It is apparent that plaintiff sought to obtain the order to discontinue his action without prejudice, with a view to commencing a new action for the same cause and to thereby circumvent the effect of the order of preclusion.

Subdivision 2 of rule 301 of the Rules of Civil Practice provides that after answer and without a stipulation therefor an action shall not be discontinued by plaintiff except upon order of the court and upon such terms and conditions as the court deems proper. Determination of plaintiff's motion rests in the sound discretion of Special Term. It should not be granted when special circumstances exist which render the granting of the relief unjust or inequitable. (*Willetts* v. *Browning,* 198 App. Div. 551; *Stanford* v. *Cayuga Linen & Cotton Mills,* 171 Misc. 1001, affd. 261 App. Div. 877; *Katz* v. *Austin,* 271 App. Div. 217.)

It is true, as Special Term held, that a dismissal of plaintiff's complaint, upon trial for failure to go forward with proof, would not be a dismissal on the merits and would not preclude him from bringing another action against defendant based on the same cause. (*Greenberg* v. *De Hart*, 4 N Y 2d 511; *Mink* v. *Keim*, 291 N. Y. 300.) Under the circumstances of this case, however, such rule of law was not a sufficient reason for Special Term to exercise its discretion in plaintiff's favor and to grant his motion on the terms stated in the order, even though plaintiff could obtain the same result sought in his motion by submitting to a nonsuit for failure of proof upon a trial. Special Term should not have aided him in flouting the court's order of preclusion, merely because he might obtain the same result in another way.

The record does not disclose what excuse, if any, plaintiff had for his failure to comply with the order of preclusion. Whatever his excuse might be, there is available to him a proper way to present it to the court which granted the order, by motion to vacate or modify it. If his excuse is sufficient, relief may be obtained on such a motion. " The vacation of a preclusion order depends upon a showing that the delay was excusable or that noncompliance with the conditions of such order was justified under the circumstances." (4 Carmody-Wait, New York Practice, Bills of Particulars, § 63, 1961 Supp., p. 62.) Failure to show a meritorious excuse for an inordinate default under a preclusion order will result in denial of the motion to open the default. (*D'Antonio* v. *Fitzgerald,* 11 A D 2d 804; *Baumgarten* v. *Bratt,* 11 A D 2d 803.)

Tardiness in serving bills of particulars has been a matter of concern to the courts. " Such tardiness demonstrably hurts the administration of justice " (*Goldstein* v. *Wickett,* 3 A D 2d 135) and it has been emphatically condemned. (*Walker* v. *Ferri,* 5 A D 2d 24; *Gonsa* v. *Licitra,* 6 A D 2d 755) " A party cannot thwart a preclusion order by a resort to an order of discontinuance without prejudice so that he may bring a new action immune from its effect." (4 Carmody-Wait, New York Practice, Bills of Particulars, § 63, 1961 Supp., p. 62; *Maydole Tool Corp.* v. *Utica Drop Forge & Tool Corp.,* 2 A D 2d 846.) " He may not discontinue to escape the law of the case ". (*Van Aalten* v. *Mack,* 17 Misc 2d 828, 829–830, affd. 9 A D 2d 648.) " Legalizing such antics worsens the calendar-delay situation." (Dissenting Opinion, DESMOND, J., *Greenberg* v. *De Hart,* 4 N Y 2d 511, 517.) We conclude that the granting of the order appealed from was an improvident exercise of discretion.

The order should be reversed and the motion should be denied.

WILLIAMS, P. J., BASTOW, HALPERN and McCLUSKY, JJ., concur.

Order unanimously reversed, without costs of this appeal to either party and motion denied, without costs.