■ THEODORE BIENIEK, Individually and as Guardian ad Litem for THOMAS T. BIENIEK, an Infant, Respondent, v. MILLER DRUG STORES, INC., Appellant.— Order unanimously reversed, with costs and motion granted, with $10 costs, and the so-called first cause of action which plaintiff claims was abandoned reinstated and restored to the calendar. Memorandum: It is asserted by defendant, and not controverted by plaintiff, that a summons and complaint was served on defendant by plaintiff December 20, 1962; that issue was joined by service of an answer January 21, 1963; that on January 21, 1963 defendant served a demand for a bill of particulars; that no bill of particulars was served pursuant to the demand and that on March 27, 1963 an order of preclusion was granted; that no bill of particulars was thereafter served and that a summons and complaint dated January 28, 1965 containing the same allegations as in the action previously instituted was thereafter served on the defendant. It is further conceded by both parties that the first action was dismissed for neglect to prosecute pursuant to CPLR 3404 on March 5, 1965. Subsequent thereto and by notice of motion dated May 21, 1965 the defendant brought this motion under CPLR 3211 (subd. [a], par. 4) for an order dismissing the second action on the ground that there was another action pending between the same parties upon the same cause of action. It is obvious that the tactics of the plaintiff in bringing about the dismissal of the first action by not restoring it to the calendar within a year of its being marked off and in commencing a second action for the same cause were designed to evade and circumvent the effort of the preclusion order granted in the first action. This court has spoken out strongly on the effect of evasions of preclusion orders in *Schultz* v. *Kobus* (15 A D 2d 382, 384): " Tardiness in serving bills of particulars has been a matter of concern to the courts. 'Such tardiness demonstrably hurts the administration of justice' (*Goldstein* v. *Wickett,* 3 A D 2d 135) and it has been emphatically condemned. (*Walker* v. *Ferri,* 5 A D 2d 24; *Gonsa* v. *Licitra,* 6 A D 2d 755) 'A party cannot thwart a preclusion order by a resort to an order of discontinuance without prejudice so that he may bring a new action immune from its effect.' (4 Carmody-Wait, New York Practice, Bills of Particulars, § 63, 1961 Supp., p. 62; *Maydole Tool Corp.* v. *Utica Drop Forge & Tool Corp.,* 2 A D 2d 846.) 'He may not discontinue to escape the law of the case'. (*Van Aalten* v. *Mack,* 17 Misc 2d 828, 829–830, affd. 9 A D 2d 649.) 'Legalizing such antics worsens the calendar-delay situation.' (Dissenting Opinion, DESMOND, J., *Greenberg* v. *De Hart,* 4 N Y 2d 511, 517." While defendant, prior to making this motion, did not seek to reinstate the first action by moving to open the default, it is clear that a dismissal under CPLR 3404 is based upon a presumption that the action had been abandoned, which presumption may be rebutted by inconsistent acts of the parties. The plaintiff by bringing a second identical action has rebutted the presumption of abandonment and on the record before us the dismissal of the first action is set aside and the action reinstated. The present action should be dismissed. (Appeal from order of Erie Special Term denying defendant's motion to dismiss the action upon the ground that there is another action pending between the same parties upon the same cause of action.) Present — Williams, P. J., Bastow, Goldman, Del Vecchio and Marsh, JJ.