Edward J. McLaughlin, J.
The instant proceeding was initiated on October 1, 1974 by petitioner, John L. Lascaris, *26 Commissioner of the Department of Social Services against respondent, Harry Downs, praying that the respondent show cause why the court should not enter a declaration of paternity, an order of support and such other and further relief as may be appropriate under the circumstances.
During the course of this proceeding, the respondent, through his attorney, moved the court to dismiss the present petition upon the ground that the commissioner is barred from bringing this action by reason of a previous determination of this matter in 1974.
A prior petition, verified on November 13, 1972, had been filed in this court by the mother, Lillian Marr, to establish paternity for her child. The petition alleged that the above-named respondent was the father of a male child, Leon Marr, born out of wedlock on the 19th day of August, 1972. This is the same child involved in the instant petition.
The mother appeared in the earlier action in person and by counsel employed by the Commissioner of Social Services. Respondent duly appeared in person and by his attorney, and denied the allegations of that petition.
Subsequently, a blood test was requested by the respondent, which was administered on March 14, 1973, the results of which were "that it was not possible to exclude the respondent from the paternity of the subject child.” After the blood test, the matter was set down for trial and the respondent demanded a bill of particulars. Neither the commissioner nor the mother answered respondent’s demand, and a motion was duly made for an order of preclusion on June 11, 1973. The order was granted but did allow the mother an additional 30 days to comply with the demand. The 30-day period expired without any response to the demand. Consequently, the order of preclusion became final. On January 8, 1974, upon respondent’s motion, the mother’s petition was dismissed without objection on the part of the commissioner’s attorney. The mother of the child was not present.
The mother appeared before this court on July 16, 1974, after having been made aware of the fact that her petition had been dismissed on January 8, 1974. She inquired into the status of her case. The mother being a minor, the court appointed a Law Guardian for her, after she objected to the manner in which the counsel for the commissioner had represented her interests.
On September 30, 1974, with the law guardian present and *27 after consultation with him, the mother was advised by the court to confer with the commissioner concerning her paternity action. On October 1, 1974, the commissioner filed the present petition.
The motion to dismiss the commissioner’s petition raises an important question with regard to whether the commissioner is bound by the order of preclusion granted by this court in the mother’s proceeding. Implicit in deciding that question is whether the commissioner was a party to the mother’s action in which he appeared and defended her, notwithstanding the fact that the mother filed the original petition in her own name.
The respondent argues that the doctrines of res judicata and collateral estoppel bar the commissioner’s petition and further, that the commissioner is bound by the order of preclusion previously granted by the court. The commissioner maintains that despite the fact that his legal division represented her, the commissioner appeared in a different capacity in the earlier action and was neither a party nor in privity to a party in the mother’s paternity petition. The commissioner asserts that neither the doctrine of res judicata nor collateral estoppel is operative in this case.
Although the parties have chosen to argue this motion on the basis of the doctrines of res judicata and collateral estoppel, the court is compelled to turn its attention initially toward the threshold question of circumvention by the commissioner in filing the present petition, of the order of preclusion made by the court in the earlier case.
The law provides that in the event that a party fails to furnish information demanded in a bill of particulars, the party demanding the bill may move to preclude the pleader from giving evidence at the trial of the items of which particulars have not been delivered. (CPLR 3042, subd [c].) The courts will not countenance a subterfuge, no matter how ingenious the effort, to evade the consequences of a preclusion order (CPLR 3042; Practice Commentaries, McKinney’s Cons. Laws of N.Y., Book 7B; CPLR 3042:13, p 692).
In Bieniek v Miller Drug Stores (25 AD2d 941), an order of preclusion was granted in the first action upon plaintiff’s failure to answer defendant’s demand for a bill of particulars. The case was marked off the calendar and the first action was later dismissed for neglect to prosecute pursuant to CPLR 3404. Thereupon, a second action was commenced, based upon *28 the same allegations as in the first action. A motion was made by the defendant for an order dismissing the second action on the ground that there was another action pending between the same parties upon the same cause of action. The court granted the motion and dismissed the second action. In its opinion, the court held that it was obvious that the intent of the plaintiff in consenting to the dismissal of the first action, by not restoring it to the calendar within a year of its being marked off, as he could have done, was an effort to evade and circumvent the effect of the preclusion order granted in the first action. The court further held that the commencement of the second action for the same cause, conclusively established that the plaintiff never had any intention of abandoning her claim.
Substantially, the same set of circumstances exists in this case. Neither the commissioner nor the mother objected to the dismissal, without prejudice, of the mother’s petition on January 8, 1974. The proof that the mother never intended to abandon her action is shown by the fact that subsequent to the dismissal of her petition, she actively questioned that action by the court and vigorously objected to the commissioner’s consent to the dismissal.
Additional support is lent to the establishment of the intent of neither the commissioner nor the mother to abandon their efforts to establish paternity of the respondent is that neither sought existing statutory remedies to avoid the effect of the preclusion order. (See CPLR 3042; Practice Commentaries, McKinney’s Cons. Laws of N.Y., Book 7B, CPLR 3042:14, p 693.)
It is apparent that the commissioner, by filing the present petition, is attempting to evade the onus of the preclusion order and at the same time to continue the case against the respondent.
The prohibition of the evasion of the effect of a preclusion order taught to us in the Bieniek case (25 AD2d 941, supra), applies in the instant matter. The court there stated: "' "A party cannot thwart a preclusion order by a resort to an order of discontinuance without prejudice so that he may bring a new action immune from its effect.” (4 Carmody — Wait, New York Practice, Bills of Particulars, §63 * * * "He may not discontinue to escape the law of the case”. (Van Aalten v Mack, 17 Misc 2d 828, 829-830, affd 9 AD2d 649.)’ ”
In like manner, the commissioner here will not be permit *29 ted to agree to a dismissal in the prior case for the purpose of filing a new petition in his own name and thereby to avoid the effect of the order of preclusion. (Schultz v Kobus, 15 AD2d 382, 384.) The commissioner cannot evade the consequences of his failure to answer the demands of the bill of particulars by claiming that he was not a party to the first action. He will not be permitted to maintain that he is proceeding in a different capacity in this action than he proceeded in the mother’s action.
Borrowing from the doctrine of res judicata and its definition of the word "party”, we find that the commissioner was in fact a "party” to the first action. The character and extent of the participation in litigation which will in legal effect make one a party is most often an issue of fact. All the circumstances must be considered from which one may infer whether or not there was participation amounting to a sharing in control of the litigation. (Watts v Swiss Bank Corp., 27 NY2d 270.)
In Fish v Vanderlip (218 NY 29, 37), the court said: " 'under the term "parties” in this connection [res judicata], the law includes all who are directly interested in the subject-matter, and had a right to make defense, or to control the proceedings, and to appeal from the judgment. This right involves also the right to adduce testimony, and to cross-examine the witnesses adduced on the other side.’ ”
Clearly, the commissioner appeared in the mother’s case based upon a property interest derived from his furnishing assistance to the mother and child. He defended the action on behalf of the mother by the authority granted to him in subdivision 3 of section 102 of the Social Services Law. He controlled the presentation of the matter, having appeared on each scheduled court date. The commissioner’s control of the mother’s case was so complete that he felt authorized to agree to a dismissal of the petition in her absence.
In addition, pursuant to section 522 of the Family Court Act, which provides, inter alia, that if the mother or child is or is likely to become a public charge, the commissioner may commence a proceeding to establish paternity and compel support in his own name. Both the commissioner’s right to defend the mother in her petition or to file his own petition derive from the same source, i.e., the mother or child is or is likely to become a public charge.
The bill of particulars in question was served upon the *30 counsel employed by the commissioner. It was this counsel who neglected to respond to the demand for particulars within the statutory period and within the 30-day extended period before the final order of preclusion was granted by the court.
Consequently, the court finds that there was no intention to abandon the prosecution of the cause of action against the respondent; rather, the intention of the commissioner when he consented to the dismissal of the original petition was to evade the effect of the preclusion order. This he cannot do. Accordingly, the mother’s petition be and is hereby reinstated and restored to the calendar and that the subject petition by the commissioner be and hereby is dismissed.