*451 OPINION OF THE COURT
Edith Miller, J.
The instant proceeding is brought before this court by a petition to modify an order of filiation in a paternity proceeding pursuant to article 5 of the Family Court Act.
On July 21, 1977 the Commissioner of Social Services of the City of New York (hereinafter referred to as the Commissioner) filed a paternity petition pursuant to section 522 of the Family Court Act. The petition alleged that Jane Doe gave birth to a son on August 9, 1975, that Richard Roe, the respondent herein, is the father of said child, and that the child is a public charge on the City of New York. On November 28, 1977, the respondent admitted the allegations of the petition and the court entered an order of filiation.
In any proceeding in which the court has made an order of filiation, the court also has the power under the Family Court Act (see Family Ct Act, § 545) to enter an order of support for the child.
A determination of the amount of support for an out-of-wedlock child is predicated upon the basic principle that a parent is under an obligation to supply necessaries in accordance with his or her financial means or ability to earn such means (see Family Ct Act, §§ 513, 545, 561). The amount of the award of child support is discretionary with the trial court which exercises its discretion by balancing the needs of the child with the father’s financial ability to pay and the station of life of the mother. (See Schaschlor v Taishoff, 2 NY2d 408.) In the matter herein, the court ordered the respondent to pay $14 bi-weekly to the Commissioner of Social Services as partial reimbursement for the child’s public assistance allowance.
In addition, if an order of filiation is made the court has the power pursuant to section 549 of the Family Court Act to make an order of custody or an order of visitation. The court may, also under section 551 of the Family Court Act, make an order of protection, in assistance or as a condition of any other order made under article 5 of the Family Court Act. This section explicitly provides: "The court may make an order of protection in assistance or as a condition of any other order made under this article. The order of protection may set forth reasonable conditions of behavior to be observed for a specified time by the petitioner or respondent or both.”
On September 25, 1978, the Commissioner, filed a petition to *452 modify the support order and the order of filiation to provide for an order of protection for Jane Doe, the mother of the child. The petition was filed on information and belief because the Department of Social Services court liason worker had no direct knowledge of the facts and circumstances that caused Miss Doe to seek this relief. Since the agency was not seeking an order of protection for itself, the court directed that the application by the Commissioner be dismissed without prejudice and that Miss Doe file a petition in her own behalf.
This court finds that although Miss Doe was not the formal petitioner of the paternity proceeding, she has standing to seek a protective order pursuant to section 551 of the Family Court Act and any other relief in this article 5 proceeding and she is not dependent upon the Commissioner to assert her personal substantive rights.
The issue of paternity has been finally litigated in this matter, and is thus res judicata as to all the parties involved. The character and extent of the participation in litigation which will in legal effect make one a party is most often an issue of fact. (Watts v Swiss Bank Corp., 27 NY2d 270, 277; Matter of Lascaris v Downs, 83 Misc 2d 25, 29.) In the instant case, the Commissioner, obviously appeared as the petitioner in a derivative capacity imposed by law under section 522 of the Family Court Act. No single fact is determinative on the identification of a party but rather all the circumstances must be considered. Had Miss Doe been absent in the paternity proceedings, it would be highly improbable that the order of filiation of November 28, 1977 would have been entered. This court finds that Miss Doe was an indispensable and necessary party to the paternity proceeding initiated by the petitioner. (See McLaughlin, Practice Commentaries, McKinney’s Cons Law of NY, Book 7B, CPLR 1001, p 351.)
An order of filiation is of inestimable value to a child. The order of filiation makes it possible for a child born out of wedlock to be declared, under EPTL 4-1.2 (subd [a], par [2]), the legitimate child of his father so that the child and his or her issue can inherit from the father. Furthermore, pursuant to section 513 of the Family Court Act if an order of support or a judicially approved settlement is made prior to the death of the father, it is enforceable as a claim against the deceased father’s estate in an amount determined by the Surrogate’s Court. To protect the child born out of wedlock, the statute confers standing on a number of persons to originate a paternity proceeding.
*453 The order of support that was made in this proceeding, following the adjudication of paternity, is a personal right, a chose in action. As such, this right could be assigned by the mother to the Commissioner as her assignee, under the general principles of the law of contracts. When the child is no longer a recipient of public assistance, the order of support will be made payable to the mother, if she is the custodian of the child at that time. However, when the mother assigned the support payments, she retained all the substantive personal rights available to her under article 5 of the Family Court Act as a parent and real party in interest. A mother need not thereafter depend upon the Commissioner to seek an order of protection, to seek an order of custody, or to seek an order of visitation in her behalf. In respect to these substantive personal rights, the sections authorizing such relief refer to the parties as parents and implicitly anticipate that either parent will petition for personal relief pursuant to sections 549 and 551 of the Family Court Act. Indeed, to underscore the Commissioner’s limited role under article 5, section 551 of the Family Court Act provides in part that: "The court may also award custody of the child, during the term of the order of protection to either parent, or to an appropriate relative within the second degree. Nothing in this section gives the court power to place or board out any child or to commit a child to an institution or agency.”
The respective roles of the parties would of course be clearer had the petitioner been the mother and the respondent been the father. In the matter herein, the Commissioner was the petitioner but the court finds that the mother of the child has the right as a parent just as the father of the child has the right as a parent to petition the court for ancillary relief. From the moment the order of filiation was entered, it was possible for either parent to apply for derivative orders in his or her own right by the filing of a petition.
The court notes that problems such as these may be avoided in the future if the natural mother were added to these proceedings as copetitioner.
For the reasons stated above the court will entertain a petition by the mother in her own right for a protective order within the purview of section 551 of the Family Court Act, and hereby dismisses the Commissioner’s application without prejudice.