OPINION OF THE COURT
Richard S. Lane, J.
Respondent’s motion to dismiss premised on a prior proceeding pending is denied.
The prior proceeding was marked off calendar several years ago and a motion to restore was denied more than a year ago. Accordingly, the prior proceeding is deemed abandoned and dismissed pursuant to section 2900.17 of the rules of this court (22 NYCRR).
I concede that Bieniek v Miller Drug Stores (25 AD2d 941), cited by respondent, suggests a contrary result. In that case there had been an order of preclusion for failure to serve a bill of particulars, and the Fourth Department did not want to allow plaintiff to escape that order by starting a new proceeding. To accomplish that result it read CPLR 3404 as creating merely a presumption of abandonment which was rebutted by bringing a second action for the same relief. A hard case makes bad law.
In my opinion CPLR 3404 and section 2900.17 of the rules of this court, which are substantially identical, are not rules of evidence but rather salutary housekeeping rules for calendar control. Furthermore the Bieniek case (supra) was not even such a hard case. The Fourth Department went out of its way to protect the advantage of a defendant which had failed to take an available step to protect itself. Instead of permitting the prior proceeding to *450 be marked “off calendar”, the defendant therein could have moved on the basis of the order of preclusion for judgment dismissing the proceeding with prejudice.
Perhaps it may be argued that the Bieniek case (supra) as apparently the only appellate authority addressing the issue, is binding upon me. I refuse to surrender, however, the right of this court to interpret its own rules. The file in the prior proceeding herein has long since been sent to the archives, and to force its resurrection would serve no purpose except respondent’s to delay.
Petitioner’s cross motion to strike respondent’s jury demand is granted pursuant to lease waiver.
Trial September 24, 1984. Clerk to notify all parties.