■ LARKFIELD LANDSCAPERS, INC., Appellant, v RICHARD J. CRON, Respondent. [614 NYS2d 185] —In a breach of contract action seeking damages, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Velsor, J.H.O.), entered May 27, 1992, which, after a nonjury trial, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

We find that the court did not err in finding that the plaintiff breached its agreement to buy trees from the defendant. It is undisputed that a term of the contract was that the plaintiff remove certain trees from the defendant's property within a specified time period. The president of the plaintiff corporation testified that this term of the agreement was excused by the defendant. The trial court implicitly rejected this testimony when it found that the contract had been breached when the plaintiff did nothing regarding tree removal.

"[T]he judgment of a court, rendered after a nonjury trial, should not be disturbed on appeal unless its determination could not have been reached under any fair interpretation of the evidence * * * This is especially so where the court's determination rests largely upon its assessment of the credibility of [the] witnesses * * * which it has heard and seen first hand" *(Di Sisto v Messenger,* 176 AD2d 249). We see no reason to disturb the court's determination and find that the court did not err in dismissing the plaintiff's complaint since the defendant had cause to terminate the agreement and make other arrangements for the sale of the trees. Bracken, J. P., O'Brien, Santucci and Joy, JJ., concur.