■ In the Matter of the Estate of LEONARD H. STEIBEL, Deceased. R. BRUCE STEIBEL et al., Appellants; BANK OF NEW YORK et al., Respondents. (Proceeding No. 1.) In the Matter of the Estate of LEONARD H. STEIBEL, Deceased. BANK OF NEW YORK et al., Petitioners; R. BRUCE STEIBEL et al., Respondents. (Proceeding No. 2.) [641 NYS2d 888] —In two related proceedings (1) to impose a constructive trust on certain real property (Proceeding No. 1), and (2) to apportion taxes pursuant to EPTL 2-1.8 (Proceeding No. 2), R. Bruce Steibel and Brigitte Simon Steibel appeal from an order of the Surrogate's Court, Nassau County (Radigan, S.), dated November 28, 1994, which, inter alia, granted the motion of the Bank of New York and Marjo-

rie D. Steibel for summary judgment dismissing the petition in Proceeding No. 1.

Ordered that the order is affirmed, with costs to the Bank of New York and Majorie D. Steibel payable by the appellants.

The decedent, Leonard H. Steibel, purchased a parcel of property for $340,000 and gave a mortgage of $180,000 to the sellers. The appellants, the decedent's son and daughter-in-law, allegedly contributed $125,000 to the purchase price, but received two promissory notes for $75,000 and $50,000 respectively, from the decedent in return. The appellants signed a 10-year lease for the property, allegedly purchased the entire contents of the house for $25,000, resided in the house from the time the decedent took title, paid for all carrying charges, and expended a substantial sum of money for capital improvements. The appellants allege that the decedent promised to convey the property to them. Thereafter, the decedent died without conveying the property to the appellants, but leaving a will which devised the property to them.

The appraised value of the property was included in the decedent's estate tax returns. As a result, when the appellants were required to pay their proportionate share of the Federal and State estate taxes on the property, they commenced Proceeding No. 1 to impose a constructive trust in their favor with respect to the property, since the decedent's estate was unjustly enriched as a result of his failure to convey the property to them as he had promised.

It is well settled that to establish a constructive trust, "there must be a confidential relationship wherein one party relies, to his detriment, upon a promise of another, which promise is subsequently breached, resulting in unjust enrichment to the latter" (*Vassel v Vassel*, 40 AD2d 713, *affd* 33 NY2d 533). The four elements are (1) a confidential or fiduciary relationship, (2) a promise, (3) a transfer in reliance thereon, and (4) unjust enrichment (*see, Sharp v Kosmalski,* 40 NY2d 119; *Janke v Janke,* 47 AD2d 445, *affd* 39 NY2d 786).

Under the circumstances of this case, the element of promise is absent. Although the record indicates that the decedent had frequently indicated that the property belonged to the appellants, it does not demonstrate a promise to convey the property to the appellants. On the contrary, rather than contributing the $125,000 to the purchase of the property with the expectation that it would eventually be conveyed entirely to them, the appellants loaned the money to the decedent for which they received two promissory notes for $75,000 and $50,000. The contract of sale was executed by the decedent in

his name and legal title was taken and remained in his name alone. Additionally, although the record indicates that the appellants made the monthly mortgage payments, the decedent remained the obligor on the mortgage agreement.

Furthermore, the 10-year lease between the decedent and the appellants clearly set forth an option to buy provision, which demonstrates that the decedent never had any intention of conveying the property to the appellants without the exercise of that option. The option to buy was not a boilerplate provision, but part of a rider to the lease agreement, deliberate in its discussion of the components which comprised the initial transaction, namely that (1) the appellants must cancel the two promissory notes, dated July 2, 1984, in the amounts of $75,000 and $50,000, (2) pay the decedent $60,000 in cash which represented the initial down-payment provided by the decedent, and (3) assume the purchase money mortgage. Therefore, the appellants' contention that the decedent promised to convey the property to them is without merit. Moreover, it is not coincidental that the decedent was equally cautious in his devise of the property to the appellants which included the express condition that, within three months after his death, the appellants cancel the two promissory notes, dated July 2, 1984, in the amounts of $75,000 and $50,000, or the devise would lapse. Balletta, J. P., Sullivan, Joy and Krausman, JJ., concur.