■ In the Matter of STEPHANIE A. SMITH, Appellant, v WILLIAM S. SMITH, JR., Respondent. [647 NYS2d 319] —Order unanimously reversed on the law without costs and matter remitted to Niagara County Family Court for further proceedings in accordance with the following Memorandum: By order of Family Court dated October 22, 1992, respondent was awarded sole custody of the two children of the marriage and petitioner was awarded "reasonable and liberal visitation". By order entered February 22, 1995, petitioner was awarded visitation with the children every weekend and such other visitation agreed to and arranged by the parties. By petition dated August 22, 1995, petitioner sought joint custody, with residential custody to remain with respondent, and expanded visitation. Three days later, petitioner brought another petition seeking temporary custody of the children until respondent established a home for the children. She alleged that respondent was going to be evicted and that respondent leaves the children alone for long periods of time.

At a court appearance on the petitions, the parties appeared *pro se*; no Law Guardian appearance was noted. The court, after hearing the parties, referred the parties to the Beeman Clinic Visitation Program and an order to that effect was entered on October 3, 1995. Thereafter, the court sent a letter to petitioner informing her that the order of October 3, 1995 was a final order and that no further court action was needed. The letter is included in the settled record on appeal.

Petitioner argues on appeal that the court abused its discretion in ordering supervised visitation in response to her petitions and that the court should have required that the Law Guardian for the children participate in the proceedings. We agree.

The court did not dismiss the petitions seeking modification of a prior custody order for failure to set forth sufficient allegations of a change in circumstances (*cf., Matter of Pellicciotti v Pellicciotti,* 206 AD2d 616, 617). The court thereby implicitly determined that the allegations of the petitions were sufficient, and thus, should have directed a hearing to determine whether the best interests of the children required a modification of the prior order (*see, Trampert v Trampert,* 55 AD2d 838). The Law Guardian should have been required to participate in any subsequent proceedings (*see, Matter of Evans v Evans,* 127

AD2d 998). In the absence of any basis in the record for requiring supervised visitation, the court abused its discretion in ordering such visitation, particularly in the absence of a cross petition by respondent seeking that relief. Further proceedings on the petitions are to be held before a different Judge. (Appeal from Order of Niagara County Family Court, Halpin, J.— Custody.) Present—Denman, P. J., Lawton, Fallon, Doerr and Balio, JJ.