■ In the Matter of ANITA WILLIAMS, Appellant, v DONALD TAYLOR, Respondent. [652 NYS2d 109] —Peters, J. Appeal from an order of the Family Court of Broome County (Pines, J.), entered November 24, 1995, which denied petitioner's application, in a proceeding pursuant to Family Court Act article 6, for modification of a prior visitation order.

Family Court entered an order in March 1995 which provided for joint custody of the parties' son, without delineating a primary residence. It further provided for unsupervised visitation as agreed upon between the parties.[1] One month later respondent filed two petitions, one of which sought to modify the custody order. Petitioner thereafter filed her own modification petition, specifically limited to a request to modify visitation by allowing for telephone contact with her son twice a week.

At a conference, it was purportedly agreed that all outstanding petitions would be resolved by stipulation by and between the parties. An order, however, was never submitted for signature. Thereafter, at a hearing scheduled before Family Court on September 28, 1995, petitioner was present but her counsel failed to appear and, while respondent's counsel was

---

1. This order is not included in the record.

present, respondent failed to appear. The court thereupon dismissed respondent's family offense and modification petitions, leaving only petitioner's modification of visitation petition before the court.

At the hearing scheduled for October 27, 1995, Family Court acknowledged that the only outstanding issue was "a narrow issue of visitation". During the hearing, however, the court, over objection, permitted questioning of petitioner concerning custodial and visitation arrangements pertaining to not only her son but her daughter from a prior relationship. At the close of the hearing, the court, on the record, rendered a decision in which it determined, *inter alia*, as follows: "I am not going to go through this charade of having joint custody at the present time when in fact it is not the case. Joint custody only works when two people can act rationally and civil towards one another. Obviously there is not much communication between you two. The parent that has the most stable home and life style and is able to give this child a more nurturing environment is [respondent]. So you [respondent] are going to get sole custody, but * * * you have got to let this child see his mother." Family Court then ordered that petitioner have supervised visitation and wholly failed to respond to her request for telephone access. Most significantly, the court granted sole custody to respondent without a petition requesting such relief.

On this appeal, petitioner contends, *inter alia*, that Family Court was without authority to grant sole custody to respondent.[2] We agree. Having already dismissed respondent's petition seeking a modification of the parties' present custodial arrangement, the court was without jurisdiction to order such change when the only petition before it concerned visitation (*see, Matter of Smith v Smith*, 231 AD2d 896; *Matter of Nakis-Batos v Nakis*, 191 AD2d 443; *see also*, Family Ct Act § 651). The prejudice here is paramount in light of the fact that the court represented, at the commencement of the proceeding, that the sole issue before it was limited to one of visitation. While petitioner admitted, under oath, that she felt that respondent should continue to have custody of the child, it is clear from the record that she was discussing physical custody and not legal custody. Hence, we must reverse Family Court's order as an abuse of discretion (*see, Matter of Fitzgerald v Fitzgerald*, 68 AD2d 996).

---

2. Despite calls to respondent's attorney asking him to advise whether a brief would be filed, no brief or other written statement to respondent's position on this appeal was ever received.

Mercure, J. P., White, Yesawich Jr. and Carpinello, JJ., concur. Ordered that the order is reversed, on the law, with costs and disbursements to be assessed against counsel for respondent (*see*, 22 NYCRR 800.9 [d]), and matter remitted to the Family Court of Broome County for further proceedings not inconsistent with this Court's decision.

