■ In the Matter of JAMES S. MCATEER, Respondent, v NANCY CONDON, Appellant. [744 NYS2d 891] —In a visitation proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Suffolk County (Lynaugh, J.), entered January 4, 2002, which, sua sponte, awarded sole custody of the parties' child to the father and granted alternate weekend visitation to the mother, to take place in South Carolina, where the father resides.

Ordered that on the Court's own motion, the notice of appeal is treated as an application for leave to appeal, and leave to appeal is granted (see CPLR 5701 [c]); and it is further,

Ordered that the order is reversed, on the law, without costs or disbursements, custody of the child is restored to the mother, and the matter is remitted to the Family Court, Suffolk County, for further proceedings on the father's petition for visitation.

The Family Court was without authority to transfer, sua sponte, custody to the father. The father did not request this relief in his petition for visitation (see Matter of Williams v Taylor, 234 AD2d 809, 810; cf. Matter of Irons v Schneller, 258 AD2d 652, 653). Moreover, the Family Court made its custody determination without considering the best interests of the child (see Matter of DiMedio v DiMedio, 233 AD2d 394, 395; Mosesku v Mosesku, 108 AD2d 795; cf. Matter of Tropea v Tropea, 87 NY2d 727, 741).

Accordingly, custody must be restored to the mother subject to any future application for a change in custody. Since the Family Court never decided the father's petition for visitation, the matter is remitted to the Family Court, Suffolk County, for further proceedings thereon. Florio, J.P., Friedmann, H. Miller and Crane, JJ., concur.