■ RONALD BONDANELLA, Appellant, v ESTHER ROSENFELD et al., Respondents. [747 NYS2d 645] —Appeal from an order of Supreme Court, Erie County (Whelan, J.), entered May 31, 2001, which, inter alia, denied plaintiff's cross motion for partial summary judgment on the claim under Labor Law § 240 (1).

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by vacating that part of the sixth ordering paragraph granting defendants Esther Rosenfeld and Alan Rosenfeld, as executor of the estate of Harry Rosenfeld, deceased, summary judgment dismissing the claims under Labor Law § 240 (1) and § 241 (6) and reinstating those claims against them and vacating the last ordering paragraph and as modified the order is affirmed without costs and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following Memorandum: Plaintiff commenced this action to recover damages for personal injuries he sustained while working as an independent contractor for defendant Master Painters Contracting, Inc. (MPC) on property owned by defendant Esther Rosenfeld and defendant Alan Rosenfeld, as executor of the estate of Harry Rosenfeld, deceased (collectively, Rosenfelds). The amended complaint asserts causes of action for common-law negligence and violations of Labor Law §§ 200, 240 (1), and § 241 (6). The Rosenfelds moved to compel disclosure and to strike the note of issue; MPC cross-moved for leave to amend its answer; plaintiff cross-moved for partial

summary judgment on the claim under Labor Law § 240 (1); and the Rosenfelds cross-moved for, among other things, summary judgment dismissing the cause of action for common-law negligence and the claim under Labor Law § 200. Supreme Court, among other things, granted MPC's cross motion; denied plaintiff's cross motion; and sua sponte granted the Rosenfelds summary judgment dismissing the amended complaint against them. The court determined that the Rosenfelds' motion to compel disclosure and to strike the note of issue and the Rosenfelds' motion to compel compliance to the amended demand for expert information were moot and therefore did not decide them.

On appeal plaintiff contends that the court erred in sua sponte granting the Rosenfelds summary judgment dismissing the claims under Labor Law § 240 (1) and § 241 (6) and in denying plaintiff's cross motion for partial summary judgment on the claim under Labor Law § 240 (1). Plaintiff has not challenged those parts of the order granting MPC's cross motion and granting that part of the Rosenfelds' cross motion for summary judgment dismissing the cause of action for common-law negligence and the claim under Labor Law § 200, and thus any issues with respect to those parts of the order are deemed abandoned (*see Ciesinski v Town of Aurora*, 202 AD2d 984).

We agree with plaintiff that the court erred in sua sponte granting the Rosenfelds summary judgment dismissing the claim under Labor Law § 240 (1), but we conclude that the court properly denied plaintiff's cross motion seeking partial summary judgment on that claim. Although it is undisputed that plaintiff was not provided with any safety devices while he was working on an elevated work site, he failed to establish as a matter of law that his injuries were caused by a fall from that elevated work site and "that the absence of or defect in a safety device was the proximate cause of his * * * injuries" (*Felker v Corning Inc.*, 90 NY2d 219, 224). Contrary to the contention of the Rosenfelds, they were not entitled to summary judgment dismissing that claim based on their allegation that plaintiff was intoxicated. Plaintiff's alleged intoxication constitutes a defense to the action only if it was the "sole proximate cause" of plaintiff's injuries (*Podbielski v KMO-361 Realty Assoc.*, 294 AD2d 552, 553; *see Sergeant v Murphy Family Trust*, 284 AD2d 991, 992), and here there is a triable issue of fact with respect to the cause of plaintiff's injuries.

We further agree with plaintiff that the court erred in sua sponte granting the Rosenfelds summary judgment dismissing the claim under Labor Law § 241 (6). Although a court has the

authority to search the record and grant summary judgment to a nonmoving party (see CPLR 3212 [b]), that authority is "only with respect to a [claim] or issue that is the subject of the motions before the court" (*Dunham v Hilco Constr. Co.*, 89 NY2d 425, 430; *see Mercedes-Benz Credit Corp. v Dintino*, 198 AD2d 901, 901-902). None of the parties sought summary judgment on the claim under Labor Law § 241 (6) and thus that claim was not the subject of the motions and cross motions before the court.

We therefore modify the order by vacating that part of the sixth ordering paragraph granting the Rosenfelds summary judgment dismissing the claims under Labor Law § 240 (1) and § 241 (6) and reinstating those claims against them and vacating the last ordering paragraph, and we remit the matter to Supreme Court, Erie County, to decide the Rosenfelds' motion to compel disclosure and to strike the note of issue and the Rosenfelds' motion to compel compliance to the amended demand for expert information, which are no longer moot. Present—Pine, J.P., Wisner, Hurlbutt, Scudder and Burns, JJ.