■ BEVERLY TUMA, Appellant, v GEORGE W. GALGANO, JR., Respondent, et al., Defendant. [757 NYS2d 80] —In an action, inter alia, pursuant to RPAPL article 15 to compel the determination of claims to real property and to rescind a deed to the real property, the plaintiff appeals, as limited by her brief, from stated portions of an order of the Supreme Court, Westchester County (Nastasi, J.), entered March 7, 2002, which, among other things, denied her motion for summary judgment and, sua sponte, directed the entry of a judgment in her favor in the principal sum of $20,000.

Ordered that the notice of appeal from so much of the order as, sua sponte, directed the entry of a judgment in the plaintiff's favor in the principal sum of $20,000 is treated as an application for leave to appeal from that part of the order, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is modified, on the law, by deleting the provision thereof directing, sua sponte, entry of a judgment in favor of the plaintiff in the principal sum of $20,000; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.

On February 15, 1999, the plaintiff executed a quitclaim deed conveying certain real property to the respondent George W. Galgano, Jr. On that same day, the plaintiff and Galgano entered into a written agreement pursuant to which, inter alia, Galgano promised to pay the plaintiff $20,000 in exchange for the deed which Galgano had received. Galgano failed to pay the plaintiff the $20,000.

The plaintiff commenced the instant action pursuant to RPAPL article 15, seeking, inter alia, rescission of the quitclaim deed, and an order directing Galgano to refund to the plaintiff all rents he collected from tenants at the subject premises. Galgano counterclaimed for rents he claimed the plaintiff improperly collected from the tenants.

The plaintiff moved, inter alia, for summary judgment on her complaint and dismissing Galgano's counterclaim. She argued that Galgano's failure to pay her the $20,000 constituted a breach of their February 15, 1999, agreement entitling her to rescission of the deed. The Supreme Court denied the motion on the ground that there are issues of fact regarding the parties' respective ownership interests in the subject property. However, noting that Galgano failed to pay the plaintiff pursuant to the February 15, 1999, agreement, the Supreme Court, sua sponte, directed the entry of a judgment in her favor in the principal sum of $20,000.

The Supreme Court erred in directing, sua sponte, the entry of a judgment in favor of the plaintiff in the principal sum of $20,000. The plaintiff did not assert a claim for that money in her complaint. Further, neither the plaintiff nor Galgano requested such a judgment. Accordingly, the Supreme Court should not have granted that relief sua sponte (see Bondanella v Rosenfeld, 298 AD2d 941 [2002]; Aguirre v Castle Am. Constr., 278 AD2d 348 [2000]; City Wide Payroll Serv. v Israel Discount Bank of N.Y., 239 AD2d 537 [1997]).

However, we agree with the Supreme Court that as to those issues addressed in the plaintiff's motion, summary judgment is inappropriate. She failed to meet her burden of demonstrating, prima facie, an entitlement to judgment as a matter of law (see Alvarez v Prospect Hosp., 68 NY2d 320 [1986]; Zuckerman v City of New York, 49 NY2d 557 [1980]).

The plaintiff's remaining contentions are without merit. Ritter, J.P., Florio, S. Miller and H. Miller, JJ., concur.