■ MIGUEL MARTINEZ, Appellant, v MURIEL DUSHKO, Respondent. ADRIAN PADRO et al., Nonparty Respondents. [775 NYS2d 907]—

In an action, inter alia, to impose a constructive trust on certain real property, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Leviss, J.H.O.), dated January 28, 2003, which, after a nonjury trial, inter alia, in effect, dismissed the complaint, and imposed a constructive trust in favor of the nonparties Adrian Padro, Michael Anthony Padro, and Sabrina Marie Padro.

Ordered that the judgment is modified, on the law, the facts, and as an exercise of discretion, by deleting the first through seventh decretal paragraphs thereof, inter alia, imposing a constructive trust in favor of the nonparties Adrian Padro, Michael Anthony Padro, and Sabrina Marie Padro; as so modified, the judgment is affirmed, without costs or disbursements.

A court's determination after a nonjury trial should be upheld if it is based on a fair interpretation of the evidence *(see Vizzari v Hernandez,* 1 AD3d 431 [2003]; *Southampton Commons Homeowners Assn. v Southampton Assoc.,* 268 AD2d 580 [2000]; *Larkfield Landscapers v Cron,* 204 AD2d 407 [1994]). Here, the trial court, which found that the plaintiff failed to establish, inter alia, the existence of a confidential or fiduciary relationship *(cf. Ellner v Pope,* 285 AD2d 624 [2001]), or a promise to transfer title to the subject property *(cf. Matter of Steibel,* 227 AD2d 408 [1996]), determined that he was not entitled to the imposition of a constructive trust in his favor *(see generally Sharp v Kosmalski,* 40 NY2d 119 [1976]). Since this determination was based on a fair interpretation of the evidence, the complaint was properly dismissed.

However, the trial court improperly proceeded to impose a constructive trust in favor of the nonparties, as this relief was never requested *(see Alexander Ave. Kosher Rest. Corp. v Dragoon,* 306 AD2d 298 [2003]; *Tuma v Galgano,* 303 AD2d 675 [2003]; *Harrington v McManus,* 303 AD2d 368 [2003]; *Matter of McAteer v Condon,* 296 AD2d 412 [2002]; *Matter of Irons v Schneller,* 258 AD2d 652 [1999]). Krausman, J.P., Adams, Cozier and Rivera, JJ., concur.