■ In the Matter of HENRY RAMOS, Respondent, v WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant. [799 NYS2d 57]—In a child support proceeding pursuant to Family Court Act article 4, the Westchester County Department of Social Services appeals from an order of the Family Court, Westchester County (R. Bellantoni, J.), dated June 4, 2004, which denied its objections to an order of the same court (Ratner, S.M.) dated October 20, 2003, which, upon an order of the same court dated September 23, 2003 (Hochberg, S.M.), inter alia, vacating a temporary order of support dated November 29, 1999, in the sum of $109 per week, continued the father's child support obligation in the sum of $28 per month pursuant to an adjusted order of support dated December 24, 1999, and remit-

ted the matter for a calculation of child support overpayments to be credited to the father.

Ordered that the order dated June 4, 2004, is reversed, on the law, without costs or disbursements, the objections are sustained, the orders dated September 23, 2003, and October 20, 2003, are vacated, the temporary order of support dated November 29, 1999, is reinstated, and the matter is remitted to the Family Court, Westchester County, for a determination of the father's petition for a downward modification of his child support obligation.

Based on our review of the record, we conclude that the only order of support in effect at the time the father filed his petition for a downward modification of his child support obligation was the order dated November 29, 1999, directing him to pay the sum of $109 per week. Indeed, prior to his May 2003 petition for a downward modification, the father made no objection to the November 29, 1999, temporary order of support, and continued to make regular payments thereon. The support magistrate therefore erred in vacating that order. The father did not request that relief in his petition for a downward modification (cf. *Martinez v Dushko,* 7 AD3d 584, 585 [2004]; *Tuma v Galgano,* 303 AD2d 675, 676 [2003]; *Matter of McAteer v Condon,* 296 AD2d 412 [2002]; *Matter of Williams v Taylor,* 234 AD2d 809, 810 [1996]).

Accordingly, the appellant's objections should have been sustained. H. Miller, J.P., Goldstein, Crane and Skelos, JJ., concur.