■ In the Matter of Nozzleman 60, LLC, Respondent, v Village Board of the Village of Cold Spring, Appellant. [825 NYS2d 105]—

In a proceeding pursuant to CPLR article 78 to review Local Law No. 1 (2005) of the Village of Cold Spring, the Village Board

of the Village of Cold Spring appeals, as limited by its brief, from so much of (1) a judgment of the Supreme Court, Putnam County (O'Rourke, J.), dated September 23, 2005, as, in effect, granted the petition to the extent of determining that Local Law No. 1 (2005) of the Village of Cold Spring was "not applicable to" the petitioner, and (2) an order of the same court dated December 19, 2005, as, upon reargument, adhered to the prior determination.

Ordered that the judgment is reversed insofar as appealed from, on the law, the petition is denied, and the proceeding is dismissed; and it is further,

Ordered that the appeal from the order is dismissed as academic in light of our determination of the appeal from the judgment; and it is further,

Ordered that one bill of costs is awarded to the Village Board of the Village of Cold Spring.

On May 10, 2005 the Village Board of the Village of Cold Spring (hereinafter the Village) enacted Local Law No. 1 (2005) of the Village of Cold Spring (hereinafter the Local Law), which added a provision to the Village's zoning code. That provision provided, in effect, that a zoning district's "dimensional requirements" would always "apply to all uses within such district." Indeed, there had been occasions where the Village's Zoning Board of Appeals had applied the "R-1" zoning district's dimensional requirements in appeals involving lots within "I-1" zoning districts that had single-family houses (*see Matter of Nozzleman 60, LLC v Village of Cold Spring Zoning Bd. of Appeals*, 34 AD3d 682 [2006] [decided herewith]).

After the Local Law was enacted, the petitioner commenced the instant proceeding, seeking to annul the Local Law on two distinct "grounds." The first "ground" was that the environmental review that took place before the Local Law was enacted was deficient. The other "ground" was that the Village's Planning Board had to, and failed to, "report" on the proposed amendment to the Village's zoning code.

The Supreme Court refused to annul the Local Law. The court then determined that the Local Law was "not applicable to" the petitioner's 23 lots, which were all located within the I-1 zoning district. However, since the petitioner only sought to have the Local Law annulled, and did not seek any sort of declaration that the Local Law should not be applied to its land, the court should not have granted this relief (*see Matter of Ramos v Westchester County Dept. of Social Servs.*, 19 AD3d 604 [2005]; *Martinez v Dushko*, 7 AD3d 584 [2004]; *Alexander Ave. Kosher Rest. Corp. v Dragoon*, 306 AD2d 298, 301 [2003]; *Tuma v*

*Galgano*, 303 AD2d 675, 676 [2003]; *Harrington v McManus*, 303 AD2d 368, 369 [2003]; *Matter of McAteer v Condon*, 296 AD2d 412 [2002]; *Matter of Irons v Schneller*, 258 AD2d 652, 653 [1999]). Accordingly, the court should have denied the petition in its entirety and dismissed the proceeding.

The petitioner's arguments regarding the validity of the Local Law are not properly before this Court (*see Stoves v City of New York*, 293 AD2d 666, 668 [2002]; *cf. Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539, 545-546 [1983]). Santucci, J.P., Mastro, Fisher and Dillon, JJ., concur.