■ In the Matter of OTSEGO COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent, v SARAH MATHIS, Appellant, et al., Respondent. [898 NYS2d 669]—

Malone Jr., J. Appeal from an order of the Family Court of Otsego County (Ghaleb, J.), entered December 31, 2008, which, among other things, granted petitioner's application, in a proceeding pursuant to Family Ct Act art 6, to modify a prior order of custody and visitation.

In February 2008, Family Court (Coccoma, J.) ordered petitioner to provide supervision for the visitation of respondent Lauren Wormuth (hereinafter the father), a registered sex offender, with his child (born in 2006). Petitioner commenced this

proceeding five months later seeking to be relieved of its obligation to supervise the father's visits when it became aware that both the father and respondent Sarah Mathis (hereinafter the mother), who maintained sole physical custody of the child, had relocated outside of Otsego County. Following a hearing on that petition, Family Court (Ghaleb, J.) found the mother to be in violation of the prior custody order by moving out of Otsego County without permission of the court and, accordingly, directed, among other things, the mother to provide the father with weekly supervised visits at her own expense.

Initially, the evidence at the hearing was sufficient to establish that neither the mother nor the father resides in Otsego County and, accordingly, Family Court's determination that petitioner is relieved of its obligation to provide supervision for the father's visits has a sound and substantial basis in the record and will not be disturbed. However, the mother's main contention on appeal is that Family Court exceeded the scope of its authority by finding her to be in violation of the February 2008 order, an argument in which petitioner and the Law Guardian join.

We agree. The only issue before Family Court was petitioner's request to be relieved of its obligation to provide supervision for the father's visits, a fact that the court acknowledged at the hearing. Nowhere in that petition was it alleged that the mother had violated the prior order of custody and visitation and, thus, the mother had no notice that such a finding could be made against her. Notably, the order that petitioner sought to modify did not specifically prohibit the mother from leaving Otsego County, nor did it require her to obtain permission from the court before doing so. That order reaffirmed sole custody to the mother and the only mention of any residency restriction was that "the primary residence of the [c]hild shall not be relocated from the [m]other's residence." Considering that this mandate does not necessarily restrict the mother to an Otsego County location, and given the prejudice to the mother in that she did not have notice that her relocation would be at issue in this proceeding such that it would subject her to any sort of penalty, we must reverse that part of Family Court's order as an abuse of discretion (*see Matter of Williams v Taylor*, 234 AD2d 809, 810 [1996]; *see also Matter of Blaize F.*, 50 AD3d 1182, 1184-1185 [2008]). Further, the court's determination that, due to her violation of the prior order, the mother was responsible for providing supervision for the father's visits at her own expense must also be reversed. Even assuming that such direction was proper, considering that there is no longer any basis for it and

in light of the fact that it was not disputed that the father's visits must remain supervised given his sex offender status, the matter must be remitted to Family Court for a determination as to who should bear the costs, if any, associated with the supervision of the father's visits.

Peters, J.P., Rose, Lahtinen and Kavanagh, JJ., concur. Ordered that the order is modified, on the law and the facts, without costs, by reversing so much thereof as found respondent Sarah Mathis to be in violation of a prior order of visitation and required her to provide supervised visitation for respondent Lauren Wormuth at her own expense; matter remitted to the Family Court of Otsego County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.