Robert Messina et al., Respondents, v Staten Island University Hospital, Appellant. [994 NYS2d 373]—

In an action, inter alia, to recover damages for medical malpractice, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Richmond County (Maltese, J.), dated May 7, 2013, as denied that branch of its motion which was to vacate so much of an order of the same court dated May 24, 2012, as, sua sponte, directed entry of a judgment in favor of the plaintiffs and against it in the sum of $900,000.

Ordered that the order dated May 7, 2013, is reversed insofar as appealed from, on the law, with costs, and that branch of the defendant's motion which was to vacate so much of an order dated May 24, 2012, as, sua sponte, directed entry of a judgment in favor of the plaintiffs and against it in the sum of $900,000 is granted.

The Supreme Court erred in, sua sponte, directing the entry of a judgment in favor of the plaintiffs and against the defendant in the sum of $900,000. The Supreme Court awarded this sum to the plaintiffs based upon an alleged stipulation of settlement for past medical expenses. However, neither the plaintiffs nor the defendant requested such a judgment, and it is undisputed that there was no stipulation of settlement made in accordance with CPLR 2104 (*see Diarassouba v Urban*, 71 AD3d 51, 55 [2009]). Accordingly, the Supreme Court should not have granted that relief sua sponte (*see Martinez v Dushko*, 7 AD3d 584, 585 [2004]; *Tuma v Galgano*, 303 AD2d 675, 676 [2003]; *Bondanella v Rosenfeld*, 298 AD2d 941, 943 [2002]). Mastro, J.P., Chambers, Sgroi and LaSalle, JJ., concur.