Gelaj v Gelaj (2018 NY Slip Op 05917)





Gelaj v Gelaj


2018 NY Slip Op 05917


Decided on August 29, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 29, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
MARK C. DILLON
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2017-04893
2017-10515
 (Index No. 61409/15)

[*1]Ndue Gelaj, appellant, 
v
Maria Gelaj, also known as Maria Kajtazi, respondent, et al., defendant.


Handel & Carlini, LLP, Wappingers Falls, NY (Anthony C. Carlini, Jr., and Megan Shedden of counsel), for appellant.
Smith, Buss & Jacobs, LLP, Yonkers, NY (Jacob E. Amir of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, for the partition and sale of a cooperative apartment, the plaintiff appeals from two orders of the Supreme Court, Westchester County (David F. Everett, J.), dated March 24, 2017, and April 12, 2017, respectively. The order dated March 24, 2017, insofar as appealed from, in effect, granted that branch of the cross motion of the defendant Maria Gelaj, also known as Maria Kajtazi, which was for summary judgment declaring that she is the sole owner of the shares of stock associated with a cooperative apartment. The order dated April 12, 2017, insofar as appealed from, in effect, granted that branch of the cross motion of the defendant Maria Gelaj, also known as Maria Kajtazi, which was for summary judgment declaring that she is the sole owner of the shares of stock associated with a cooperative apartment.
ORDERED that the order dated March 24, 2017, is reversed insofar as appealed from, on the law, that branch of the cross motion of the defendant Maria Gelaj, also known as Maria Kajtazi, which was for summary judgment declaring that she is the sole owner of the shares of stock associated with a cooperative apartment is denied, and so much of the order dated April 12, 2017, as, in effect, granted that branch of the cross motion is vacated; and it is further,
ORDERED that the appeal from the order dated April 12, 2017, is dismissed as academic in light of our determination on the appeal from the order dated March 24, 2017; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In 1999, the plaintiff and the defendant Maria Gelaj, also known as Maria Kajtazi (hereinafter the defendant), who are siblings, purchased shares of stock associated with a cooperative apartment as tenants in common. In 2015, the plaintiff commenced this action, inter alia, for a partition and sale of the apartment shares and an accounting. In her answer, the defendant admitted that the plaintiff owns a 50% interest in the apartment shares. The defendant also asserted counterclaims for a partition and sale of the apartment shares and an accounting of the payments she [*2]made over the years for the apartment.
The plaintiff moved for summary judgment appointing a referee to sell the apartment shares. The defendant cross-moved, inter alia, for summary judgment declaring that she is the sole owner of the shares. In support of her cross motion, the defendant submitted an affidavit in which she stated that she is entitled to sole ownership of the shares because she made payments associated with the apartment for 17 years that exceeded the plaintiff's 50% interest in the shares. In opposition to the cross motion, the plaintiff submitted an affidavit in which he stated that he paid a $15,000 down payment and a further $95,000 payment to secure the shares so that the defendant and her husband could live there. He averred that the defendant had provided no basis for a claim to sole ownership of the shares. In reply, the defendant, for the first time, produced two notarized letters allegedly from the plaintiff stating that he was transferring his interest in the shares to the defendant and that he would like his name removed from the certificate of shares. The Supreme Court, inter alia, in effect, granted that branch of the defendant's cross motion which was for summary judgment declaring that she is the sole owner of the shares. The plaintiff appeals.
The purpose of a reply affidavit or affirmation is to respond to arguments made in opposition to the movant's motion and not to introduce new arguments or grounds in support of the relief sought (see Matter of Moorman v Meadow Park Rehabilitation & Health Care Ctr., LLC, 57 AD3d 788; Matter of Harleysville Ins. Co. v Rosario, 17 AD3d 677; Matter of TIG Ins. Co. v Pellegrini, 258 AD2d 658). There are exceptions to this rule, including when evidence is submitted in response to allegations made for the first time in opposition, or when the other party is given an opportunity to respond to the reply papers (see Gottlieb v Wynne, 159 AD3d 799; Central Mtge. Co. v Jahnsen, 150 AD3d 661). Neither of those exceptions applies here. The time for the defendant to produce the letters allegedly from the plaintiff transferring his interest in the shares would have been in support of her cross motion, inter alia, for summary judgment declaring that she is the sole owner of the shares. There was no new allegation in the plaintiff's opposition to the cross motion that would have warranted the defendant's submission of the letters in reply. Further, the plaintiff was not given an opportunity to respond by way of surreply or oral argument. An unrecorded, in-chambers discussion of the cross motion cannot be deemed an opportunity to respond, especially in light of the plaintiff's claim on appeal that the letters are forgeries. Moreover, the defendant did not plead a demand for a declaratory judgment in a counterclaim (see Matter of Nozzleman 60, LLC v Village Bd. of Vil. of Cold Spring, 34 AD3d 680; Martinez v Dushko, 7 AD3d 584). The defendant also did not assert a claim to sole ownership of the shares in her pleading. Accordingly, the Supreme Court should not have, in effect, granted that branch of the defendant's cross motion which was for summary judgment declaring that she is the sole owner of the shares.
MASTRO, J.P., DILLON, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court