Matter of Donald UU. v Shirleen UU. (2025 NY Slip Op 05731)

Matter of Donald UU. v Shirleen UU.

2025 NY Slip Op 05731

Decided on October 16, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 16, 2025

CV-24-0951
[*1]In the Matter of Donald UU. et al., Appellants,
v
Shirleen UU. et al., Respondents. (And Five Other Related Proceedings.)

Calendar Date:September 8, 2025

Before:Clark, J.P., Aarons, Lynch, Ceresia and Fisher, JJ.

Theresa M. Suozzi, Saratoga Springs, for appellants.
Alexandra J. Buckley, Albany, for Shirleen UU., respondent.
Todd G. Monahan, Schenectady, for Michael XX., respondent.
John N. Clo, Gloversville, attorney for the child.

Lynch, J.
Appeal from an order of the Family Court of Fulton County (J. Gerald McAuliffe Jr., J.), entered January 5, 2024, which, among other things, partially dismissed petitioners' application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of visitation.
Petitioners (hereinafter the grandparents) are the maternal grandparents of the subject child (born in 2011). Prior to 2022, the grandparents had free and open contact with the child, helping to care for him while respondent Shirleen UU. (hereinafter the mother) was at work. When the mother subsequently restricted the grandparents' access to the child, they commenced a Family Ct Act article 6 proceeding for visitation. That proceeding was resolved by an order, entered in March 2022 on the parties' consent, awarding the grandparents visitation with the child one Sunday per month for specified time frames, culminating in "a minimum of four . . . hours" by the sixth month. Although that schedule was initially implemented, the grandparents filed enforcement and modification petitions in May 2023 claiming that the mother was refusing to abide by the agreed-upon schedule and was alienating them from the child. They requested enforcement of the prior order and sought an increase in the visitation schedule. Following a fact-finding hearing and a Lincoln hearing, Family Court, among other things, granted the grandparents' modification petition to the extent of increasing visitation from four to six hours on the first Sunday of each month. The grandparents appeal.
The grandparents' sole argument on appeal is that Family Court abused its discretion by only increasing their visitation with the child by two hours per month, arguing that visitation on "an alternating week basis, as well as some holiday time," is more appropriate. Family Court has considerable discretion in fashioning a grandparent visitation schedule in the child's best interests, and this Court will not disturb such an award if it is supported by a sound and substantial basis in the record (see Matter of Dianne SS. v Jamie TT., 235 AD3d 1138, 1141 [3d Dept 2025]; Matter of Melissa X. v Javon Y., 200 AD3d 1451, 1454 [3d Dept 2021]; Matter of Layton v Grace, 129 AD3d 1147, 1149 [3d Dept 2015]). Recognizing that the grandparents have played an active role in the child's life, Family Court appropriately increased their visitation time with the child (see generally Matter of Wilson v McGlinchey, 2 NY3d 375, 380-382 [2004]; Matter of Dianne SS. v Jamie TT., 235 AD3d at 1142). However, we discern no basis to disturb Family Court's specified visitation schedule, which has a sound and substantial basis in the record (see Matter of Dianne SS. v Jamie TT., 235 AD3d at 1142; Matter of Melissa X. v Javon Y., 200 AD3d at 1453).
Clark, J.P., Aarons, Ceresia and Fisher, JJ., concur.
ORDERED that the order is affirmed, without costs.