Matter of Denise D. v Alissa E. (2025 NY Slip Op 06570)

Matter of Denise D. v Alissa E.

2025 NY Slip Op 06570

Decided on November 26, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 26, 2025

CV-24-0794
[*1]In the Matter of Denise D., Appellant,
v
Alissa E. Respondent, et al., Respondent.

Calendar Date:October 15, 2025

Before:Pritzker, J.P., Reynolds Fitzgerald, Ceresia, McShan and Powers, JJ.

Theresa M. Suozzi, Saratoga Springs, for appellant.
Noreen McCarthy, Keene Valley, for Alissa E., respondent.
Jessica Hugabone Vinson, Delmar, attorney for the child.

Pritzker, J.P.
Appeal from an order of the Family Court of Warren County (Paulette Kershko, J.), entered April 4, 2024, which, among other things, partially dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody and visitation.
Respondent Alissa E. (hereinafter the mother) and respondent Garrie F. (hereinafter the father) are the parents of the subject child (born in 2013), and petitioner (hereinafter the grandmother) is the child's maternal grandmother. Pursuant to a June 2022 consent order, the mother and the grandmother shared joint legal custody of the child. The order also provided that the child would live with the grandmother until July 1, 2022, at which point primary physical custody would transfer to the mother, with the grandmother having set visitation. The order specifically provided that, after July 1, 2023, if the mother and the grandmother could not agree on visitation, the grandmother reserved the right to file a petition.[FN1] The order also directed that there was to be "other, further or different grandparent visitation as the parties may mutually agree upon."
In April 2023, the grandmother filed an amended petition seeking more visitation than was set forth in the prior order because the mother and the grandmother could not reach an agreement, and because the child had expressed a desire to spend more time with the grandmother. Shortly thereafter, the mother moved, by order to show cause, to dismiss the amended petition for failure to state a cause of action, which Family Court denied. After a fact-finding hearing on the grandmother's visitation petition, the court modified the prior order by terminating the grandmother's joint legal custody, granting joint legal custody to the mother and the father, and ordered a visitation schedule between the grandmother and the child, with certain exceptions, for one dinner visit each week, one weekend visit each month, a week in July and telephone/video conference calls as permitted by the parents. The grandmother appeals.
We turn first to the grandmother's assertion that the visitation schedule ordered by Family Court is not in the best interests of the child and that she should have additional visitation. "Family Court has considerable discretion in fashioning a grandparent visitation schedule in the child's best interests, and this Court will not disturb such an award if it is supported by a sound and substantial basis in the record" (Matter of Donald UU. v Shirleen UU., ___ AD3d ___, ___, 2025 NY Slip Op 05731, *1 [3d Dept 2025] [citations omitted]; see Matter of Christina KK. v Kathleen LL., 119 AD3d 1000, 1003 [3d Dept 2014]). Recognizing that the grandmother has played an active and significant role in the child's life, Family Court fashioned a visitation order providing regular and consistent visitation to the grandmother so she can continue to be an important presence in the child's life. While certainly we can appreciate that she [*2]would enjoy more frequent visitation, "we discern no basis to disturb Family Court's specified visitation schedule, which has a sound and substantial basis in the record" (Matter of Donald UU. v Shirleen UU., ___ AD3d at ___, 2025 NY Slip Op 05731, *1; see Matter of Tina X. v Thomas Y., 233 AD3d 1272, 1276 [3d Dept 2024]; Matter of Daniel RR. v Heather RR., 221 AD3d 1301, 1303 [3d Dept 2023]).
We do, however, find merit to the grandmother's contention that Family Court erred by modifying joint legal custody on the grandmother's petition seeking to modify visitation. Prior to fact-finding, no petition seeking to modify joint legal custody was filed, nor had there been any mention of same. Despite this, after the grandmother's and the mother's opening statements, the court asked the mother if there was anything she wanted to modify and that she "could . . . modif[y] the joint legal [custody]." Even though she had not filed a petition, the mother's attorney then stated that the mother did not want the grandmother to have joint legal custody anymore, and that she wanted the order modified so that the mother had joint legal custody with the father only. The father did not appear for fact-finding, but his attorney was present. The grandmother's attorney indicated that the grandmother was opposed to changing the joint custody arrangement and noted that no petition had been filed asking for said relief. Despite this concern, the court informed the parties that it could "modify the order any way I want." Additionally, pursuant to the prior order, the father had only "incidents of joint legal custody," limited to "notif[ication] of any major medical/health issues regarding [the child]."
Although the grandmother was given the opportunity to be heard, we do agree that she was not given adequate notice that legal custody would be addressed, which is particularly problematic given the "heavy burden" placed on her, a nonparent, to demonstrate extraordinary circumstances (Matter of Ferguson v Skelly, 80 AD3d 903, 905 [3d Dept 2011], lv denied 16 NY3d 710 [2011]; see generally Matter of Otsego County Dept. of Social Servs. v Mathis, 71 AD3d 1298, 1299 [3d Dept 2010]; Matter of Williams v Taylor, 234 AD2d 809, 810 [3d Dept 1996]). Indeed, according to the record, there was no mention of addressing joint legal custody prior to Family Court sua sponte raising the issue after opening statements. Due process concerns aside, we are also troubled by the modification of the legal custody arrangement without any testimony regarding, or determination as to, the best interests of the child (see generally Matter of Bennett v Jeffreys, 40 NY2d 543, 547 [1976]; Matter of Murray v Parisella, 41 AD3d 902, 903-904 [3d Dept 2007]). As such, we reverse and strike that portion of the order which modified the joint legal custody.
Reynolds Fitzgerald, Ceresia, McShan and Powers, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof [*3]as awarded joint legal custody of the child to respondents, and, as so modified, affirmed.

Footnotes

Footnote 1: The order did not address termination of joint legal custody.