■ ETERNITY DuBRAY et al., Respondents, v WARNER BROS. RECORDS, INC., et al., Appellants, et al., Defendant. [653 NYS2d 592] —Order, Supreme Court, New York County (Alice Schlesinger, J.), entered February 26, 1996, which granted plaintiffs' motion to discontinue the action without prejudice pursuant to CPLR 3217 (b), unanimously reversed, on the law and the facts, without costs, and the motion denied, with leave to amend the first and third causes of action in accordance with the law of South Dakota.

This lawsuit involves the allegedly unauthorized use of a photograph of Eternity DuBray and his mother, taken in 1984 when Eternity was four years old. The photograph appeared in a book of the defendant photographer's work and later, show-

ing only Eternity, on a record album and related promotional material.

Plaintiffs brought this lawsuit in 1992, alleging four causes of action; the first and third were brought under sections 50 and 51 of the New York Civil Rights Law, which prohibit commercial use of a photograph without the subject's written permission. Defendants moved to dismiss the first and third causes of action on the ground that the law of South Dakota, plaintiffs' domicile, applied. The then-assigned IAS Court (Shirley Fingerhood, J.) agreed, finding that whatever injuries had been incurred, had been sustained in South Dakota, where Eternity DuBray lived at the time the photograph was taken, and where he continues to reside. Thus, the court reasoned, South Dakota had the greatest interest in the issue of the invasion of plaintiffs' privacy, and partial summary judgment was therefore granted to defendants as to the New York civil rights claims. For the reasons stated by the first IAS Court, this Court affirmed that decision (213 AD2d 159).

However, before our decision was rendered, plaintiffs commenced an action in South Dakota, in which, among other claims, they asserted the same violations of the New York Civil Rights Law. Defendants, who were served only after this Court's affirmance, removed the South Dakota action to the United States District Court for the Western District of South Dakota and moved to dismiss or stay the Federal action pending the resolution of the New York case. The District Court dismissed the action without prejudice, concluding that dismissal would better serve the interests of justice and avoid piecemeal litigation.

Five months after the dismissal of the Federal action, plaintiffs brought the instant motion to discontinue the New York lawsuit, with the express intention of bringing a new action in South Dakota and asserting the New York Civil Rights Law claims. Now before a different IAS Court, plaintiffs argued that a discontinuance would not prejudice defendants and that, in light of the New York courts' determination that South Dakota law should apply, they should have the right to pursue their claims there. The IAS Court agreed, stating that plaintiffs should not be precluded from asserting the New York civil rights claims in a South Dakota court and finding that the prior decision and affirmance had not intended such preclusion; accordingly, discontinuance was granted without prejudice under CPLR 3217 (b). We reverse and grant leave to plaintiffs to amend the first and third causes of action under the law of South Dakota.

Plaintiffs correctly state that courts are generally reluctant to compel a party to litigate and, in the exercise of discretion, will grant a motion for discontinuance absent compelling circumstances or particular prejudice to defendants (*Tucker v Tucker*, 55 NY2d 378; *see also, Matter of Baby Boy C.*, 84 NY2d 91, 99). It is also true, however, that a motion for discontinuance should not be used to circumvent an order of the court (*Schultz v Kobus*, 15 AD2d 382, 384), or to enable plaintiffs to "do indirectly what they are not permitted to do directly" (*Katz v Austin*, 271 App Div 217, 218, *lv denied* 271 App Div 773; *but see, De Laurentis v Bercowitz*, 27 AD2d 869). This is precisely what plaintiffs appear to be doing in their admitted attempt to revive their claims under New York State law in the courts of another State. The courts of New York State have determined that New York law does not apply and that South Dakota law does; plaintiffs seek a second chance to persuade a South Dakota court to reach precisely the opposite conclusion.

That this was plaintiffs' motive in commencing the first action in South Dakota was plain to the Federal court that dismissed it. While the Federal court expressly declined to determine which State law would apply had it not dismissed the action, it did observe—and consider, in reaching its decision—that plaintiff's intention in bringing the action in South Dakota was to "circumvent the New York courts' dismissal." Under the circumstances, a discontinuance, particularly one without prejudice, serves only to provide incentive to plaintiffs' "forum-shopping." Concur—Sullivan, J. P., Milonas, Ellerin, Nardelli and Williams, JJ.