■ LUCRETIA URBONOWICZ et al., Respondents, v STEVEN YARINSKY et al., Appellants. [737 NYS2d 398] —Rose, J. Appeal from an order of the Supreme Court (Moynihan, Jr., J.), entered November 29, 2000 in Warren County, which granted plaintiffs' motion to voluntarily discontinue their action without prejudice.

Shortly after joinder of issue, but before expiration of the statute of limitations, plaintiffs moved pursuant to CPLR 3217 (b) for leave to voluntarily discontinue this medical malpractice action in order to prosecute their claims in an action in Saratoga County where defendants reside and conduct their practice. In opposition, defendants argued that they would not receive a fair trial if plaintiffs' claims were tried in Saratoga County due to adverse publicity surrounding, inter alia, a substantial jury verdict recently rendered against defendant Steven Yarinsky in another malpractice action in that County. Supreme Court granted plaintiffs' motion. Defendants now appeal, and we affirm.

Plaintiffs' admitted purpose in seeking to voluntarily discontinue this action was to enable them to commence a second action in Saratoga County, a proper venue where they believed a higher verdict could be obtained. This Court has upheld a trial court's exercise of its discretion in granting voluntary discontinuance to enable a plaintiff to commence an action in federal court where substantially larger damage awards had been obtained (*Schimansky v Nelson*, 50 AD2d 634). Central to our decision in that case was the absence of a showing that discontinuance would result in prejudice to the defendants (*id.* at 635). Accordingly, the determinative factor in reviewing Supreme Court's exercise of its discretion here is whether defendants have demonstrated prejudice (*see, Christenson v Gutman*, 249 AD2d 805).

Defendants' contention in this regard, however, is unavailing because they failed to show that actual prejudice would result from discontinuance. While defendants allege that publicity surrounding another malpractice action against Yarinsky raises the possibility that they will be denied a fair trial in Saratoga County, they submitted only one newspaper article describing the verdict in that case. Defendants offer nothing other than their counsel's conclusory allegation that the article and other unspecified publicity would predispose potential jurors to reach a verdict adverse to defendants. We conclude that here, as on a motion for change of venue, "mere belief, suspicion or feeling that an impartial trial cannot be had is * * * insufficient" (*DeBolt v Barbosa*, 280 AD2d 821, 824). Moreover, Supreme Court reasonably contemplated that any potential prejudice would either dissipate or be handled by the trial court at the time of jury selection.

We also find no merit in defendants' contention that plaintiffs' motion should have been denied to discourage forum shopping. Unlike a motion for change of venue which involves the affirmative selection of another forum (*see, Koschak v Gates Constr. Corp.*, 225 AD2d 315, 316), a court in granting discontinuance merely makes it possible for the action to be brought elsewhere. Absent compelling circumstances or particular prejudice to defendants, we decline to find that mere discontinuance of this action constitutes impermissible forum shopping (*compare, DuBray v Warner Bros. Records*, 236 AD2d 312, 314 [discontinuance denied where permitting a new action in another state would circumvent an existing New York court order]).

Cardona, P.J., Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.