■ KINTAVIA CARTER, an Infant, by Her Mother and Natural Guardian, TALIA COLLINS, et al., Respondents, v HOWLAND HOOK HOUSING Co., INC., Appellant. [797 NYS2d 11]—

Order, Supreme Court, New York County (Debra A. James, J.), entered January 14, 2005, which, in an action for personal injuries sustained in an apartment building owned by defendant, granted plaintiffs' motion pursuant to CPLR 3217 (b) to discontinue the action without prejudice, upon condition that plaintiffs pay defendant's costs and disbursements incurred in this action up to the date of discontinuance plus defendant's attorneys' fees incurred on the motion to discontinue, unanimously affirmed, without costs.

The action was venued in New York County based on the location of defendant building owner's principal office. After service of an answer and bill of particulars, the holding of a preliminary conference, and a change of plaintiffs' attorney, plaintiffs moved to discontinue the action. Plaintiffs asserted that their new attorney discovered that the building was managed by a corporation with a principal office in Brooklyn, and that a voluntary discontinuance would allow them to commence a second action in Kings County. The motion was properly granted upon conditions that eliminated any prejudice attributable to the discontinuance (*see Schimansky v Nelson*, 50 AD2d 634 [1975]; *Urbonowicz v Yarinsky*, 290 AD2d 922 [2002]). In the latter regard, the motion court aptly noted defendant's failure to show that the discontinuance will cause it to incur additional at-

torneys' fees, and appropriately limited plaintiffs' payment of defendant's attorneys' fees to those incurred on the instant motion. We have considered defendant's other arguments and find them unavailing. Concur—Buckley, P.J., Tom, Ellerin, Williams and Sweeny, JJ.