■ STEPHEN M. CLAIR, JR., Appellant, v JAMIE M. FITZGERALD, Respondent. [883 NYS2d 536]—

In an action for a divorce and ancillary relief, the plaintiff husband appeals, by permission, from so much of an order of the Supreme Court, Suffolk County (Blydenburgh, J.), dated April 24, 2008, as, sua sponte, directed him to pay pendente lite child support in the sum of $270 per week retroactive to December 24, 2007, to continue to maintain medical insurance for the defendant wife and the parties' child, and to pay 75% of unreimbursed medical expenses.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements.

Between December 24, 2007, and February 25, 2008, the husband made three motions primarily seeking either temporary custody of the parties' five-year-old daughter, or enforcement of an oral agreement to share physical custody of the child. The wife opposed the husband's motions, but did not cross-move for any affirmative relief. In the order appealed from, the Supreme Court resolved the various custody and visitation issues raised by the husband's motions by, inter alia, directing the parties to comply with their oral visitation agreement. Although not requested by the wife, the court also directed the husband to pay pendente lite child support retroactive to the date of his first motion, to continue to maintain medical insurance for the wife and the child, and to pay 75% of unreimbursed medical expenses.

Generally, a court may, in its discretion, "grant relief that is warranted by the facts plainly appearing on the papers on both sides, if the relief granted is not too dramatically unlike the relief sought, the proof offered supports it, and there is no prejudice to any party" (*Frankel v Stavsky*, 40 AD3d 918, 918-919 [2007]; *see HCE Assoc. v 3000 Watermill Lane Realty Corp.*, 173 AD2d 774 [1991]). Here, however, the pendente lite relief directed by the court was completely different from the relief requested by the husband in his three motions, which raised issues relating to custody of and visitation with the child. Moreover, in opposing the husband's motions, the wife did not indicate that she had any need for pendente lite child support, and there is nothing in the record to suggest that the husband intended to discontinue medical coverage for the wife and child. Furthermore, since no request for pendente lite relief was made by the wife, the husband was not afforded an opportunity to address the necessity for such relief. Under these circumstances,

the court erred in, sua sponte, awarding the wife pendente lite relief (*see Willette v Willette,* 53 AD3d 753, 755 [2008]; *Matter of Smith v Wood,* 38 AD3d 561, 562 [2007]; *Matter of McAteer v Condon,* 296 AD2d 412 [2002]; *Condon v Condon,* 53 AD2d 622 [1976]). Spolzino, J.P., Florio, Covello and Eng, JJ., concur.