In an action to recover damages for personal injuries, the defendant Big Apple Car, Inc., appeals from an order of the Supreme Court, Kings County (Vaughan, J.), dated December 5, 2012, which denied its motion to vacate a stipulation of discontinuance and, thereupon, reinstate this action in the Supreme Court, Kings County, or, in the alternative, to transfer venue of an action entitled Scuorzo v Safdar, pending in the Supreme Court, Bronx County, under index No. 20812/2012E, to Kings County, or, in the alternative, to consolidate the action pending in the Supreme Court, Bronx County, with this action.
Ordered that the order is affirmed, with costs.
“Only where there is cause sufficient to invalidate a contract, such as fraud, collusion, mistake or accident, will a party be relieved from the consequences of a stipulation made during litigation” (Hallock v State of New York, 64 NY2d 224, 230 [1984]). *844 Here, the parties stipulated to a discontinuance, without prejudice, of this action, which was commenced in the Supreme Court, Kings County, apparently so that a new action naming an additional corporate defendant could be commenced. The plaintiff thereafter commenced the new action in the Supreme Court, Bronx County, as the county in which the newly added defendant’s principal office is located (see CPLR 503 [a], [c]). Since the defendant Big Apple Car, Inc. (hereinafter Big Apple), was aware that the new defendant was a Bronx entity and failed to establish that the stipulation of discontinuance was the product of mutual mistake, fraud, or misrepresentation, the Supreme Court properly denied that branch of its motion which was to vacate the stipulation and, thereupon, reinstate this action in the Supreme Court, Kings County. In this regard, where, as here, there is no showing of prejudice to the defense or circumvention of an existing court order, the use of a discontinuance without prejudice in order to commence a new action in a different venue is not improper (see Parraguirre v 27th St. Holding, LLC, 37 AD3d 793, 794 [2007]; Carter v Howland Hook Hous. Co., Inc., 19 AD3d 146 [2005]; Urbonowicz v Yarinsky, 290 AD2d 922 [2002]).
Big Apple’s additional contentions in support of its alternative requests for a transfer of venue or for consolidation are unpersuasive, and the Supreme Court did not improvidently exercise its discretion in denying those branches of its motion.
Mastro, J.E, Dillon, Leventhal and Duffy, JJ., concur.