OPINION OF THE COURT
Memorandum.
Ordered that the order is modified by providing that the branch of defendant’s motion seeking attorney’s fees is granted; as so modified, the order is affirmed, without costs, and the matter is remitted to the Civil Court for a determination of the reasonable amount of attorney’s fees incurred by defendant up to the date of discontinuance.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff’s oral application for a discontinuance without prejudice was granted by the Civil Court on February 6, 2013. Thereafter, defendant moved to vacate the February 6, 2013 order, or, in the alternative, to modify the prior order by providing that the discontinuance was with prejudice, and for attorney’s fees and sanctions. By order dated January 7, 2014, the Civil Court denied the branch of defendant’s motion seeking to vacate or modify the February 6, 2013 order and implicitly denied the branches of defendant’s motion seeking attorney’s fees and sanctions.
Generally, courts are reluctant to compel a party to litigate (see DuBray v Warner Bros. Records, 236 AD2d 312, 314 [1997]), and it is well settled that courts have the discretion to grant a motion for discontinuance, without prejudice, if no *53 special circumstances exist, such as prejudice to a substantial right of the defendant or other improper consequences (see Tucker v Tucker, 55 NY2d 378, 383 [1982]; GMAC Mtge., LLC v Bisceglie, 109 AD3d 874, 876 [2013]; Wells Fargo Bank, N.A. v Fisch, 103 AD3d 622, 622 [2013]; Mathias v Daily News, 301 AD2d 503, 504 [2003]; Valladares v Valladares, 80 AD2d 244, 257-258 [1981], mod on other grounds sub nom. Tucker v Tucker, 55 NY2d 378 [1982]). “Unlike a motion for change of venue which involves the affirmative selection of another forum, a court in granting discontinuance merely makes it possible for the action to be brought elsewhere” (Urbonowicz v Yarinsky, 290 AD2d 922, 923 [2002] [citations omitted]). However, motions for discontinuance should not be used to enable plaintiffs to “do indirectly what they are not permitted to do directly” (Katz v Austin, 271 App Div 217, 218 [1946]; see also DuBray v Warner Bros. Records, 236 AD2d at 314).
In support of the branch of its motion seeking to vacate or modify the February 6, 2013 order, defendant did not provide any information regarding the arguments that had been made before the Civil Court in support of, and in opposition to, plaintiff’s oral application. Despite the fact that plaintiff subsequently commenced an action against defendant in the Civil Court, Bronx County, to recover the same no-fault benefits as sought herein, defendant’s argument—that plaintiff sought the discontinuance because it did not have a witness to provide testimony establishing its billing and wanted to commence an action in the Civil Court, Bronx County, where a witness allegedly is not required to establish billing—is not supported by the record, which indicates that a trial had yet to commence in the case at bar. The record does not establish that plaintiff expressed its intention to discontinue the Queens County action in order to commence an action in Bronx County (cf. DuBray v Warner Bros. Records, 236 AD2d at 314). Consequently, defendant did not establish that plaintiff indirectly sought to do what it was not permitted to do directly, i.e., change venue, when it moved for discontinuance.
Notwithstanding the foregoing, inasmuch as it is uncontroverted that defendant had defended the instant action for three years during which time it had made numerous motions, engaged in discovery practice, and repeatedly appeared in court, defendant is entitled to recover the reasonable attorney’s fees it incurred in its defense of the instant action up to the date of discontinuance, in order to eliminate any pos *54 sible prejudice attributable to the discontinuance (see Carter v Howland Hook Hous. Co., Inc., 19 AD3d 146, 146-147 [2005]). We pass on no other issue.
Accordingly, the order is modified by providing that the branch of defendant’s motion seeking attorney’s fees is granted; as so modified, the order is affirmed, and the matter is remitted to the Civil Court for a determination of the reasonable amount of attorney’s fees incurred by defendant up to the date of discontinuance.
Pesce, P.J., Aliotta and Solomon, JJ., concur.