■ MICHELLE SCUORZO, Respondent, v LUQMAN SAFDAR et al., Defendants, and BIG APPLE CAR, INC., Appellant. [21 NYS3d 242]—

Order, Supreme Court, Bronx County (Lizbeth Gonzalez, J.), entered July 10, 2014, which, inter alia, denied the motion of defendant Big Apple Car, Inc. (Big Apple) to change venue from Bronx County to Kings County, unanimously reversed, on the law, without costs, and the motion granted.

Plaintiff, a resident of New Jersey, alleges that she was struck by a taxi owned by Big Apple and/or defendant Ahmad and driven by defendant Safdar, when the taxi swerved to avoid an ambulance owned by either defendant Transcare Ambulance Corp. or Citywide Mobile Response Corp., which had its principal office in Bronx County. After plaintiff discontinued her action against Citywide, which had no connection to the accident, Big Apple promptly moved to change venue to Kings County, where plaintiff had previously commenced an action against the other defendants (*see Scuorzo v Safdar*, 115 AD3d 843 [2d Dept 2014]).

The motion court recognized that "[w]here venue is initially placed on the basis of the principal place of business [or residence] of an improper party, a motion to change venue should be granted after the action is dismissed as against the improper party" (*Halina Yin Fong Chow v Long Is. R.R.*, 202 AD2d 154, 155 [1st Dept 1994]), but denied the motion because it found that Big Apple had failed to demonstrate that Kings County was a proper venue. However, the record contains the pleadings, which establish that defendant Ahmad is a resident of Kings County. Based on the change in circumstances resulting from dismissal of the only party with any connection with Bronx County, Big Apple's motion for a change of venue should have been granted (*see e.g. Clase v Sidoti*, 20 AD3d 330 [1st Dept 2005]). Concur—Tom, J.P., Sweeny, Renwick and Manzanet-Daniels, JJ.