884 West End LLC, - 
against
Eliezer Rosman, Respondent-Tenant, - and - Steven Brick, Estee Nichtberger a/k/a Estee Brick, "John Doe" and "Jane Doe", Respondents-Undertenants-Respondents.



Petitioner-landlord appeals from an order of the Civil Court of the City of New York, New York County (Jack Stoller, J.), dated January 11, 2016, which conditioned the grant of its motion to discontinue the holdover summary proceeding without prejudice upon the payment of respondents' legal fees and the preclusion of landlord from conducting duplicate discovery in a future licensee holdover proceeding against respondents.




Per Curiam.
Order (Jack Stoller, J.), dated January 11, 2016, affirmed, with $10 costs. 
Civil Court providently exercised its discretion in conditioning the discontinuance of this holdover summary proceeding on the payment of respondents' reasonable attorneys' fees (CPLR 3217[b]; see Tucker v Tucker, 55 NY2d 378, 383-384 [1982]), where petitioner-landlord sought to discontinue its possessory claim nearly three years after service of the holdover petition and after substantial discovery was completed (see Carter v Howland Hook Hous. Co., Inc., 19 AD3d 146 [2005]; Beigel v Cohen, 158 AD2d 339 [1990]; PSA 190 Ave. B Assoc., LP v Ejoh, 19 Misc 3d 141[A], 2008 NY Slip Op 50970[U] [App Term, 1st Dept 2008]). 
Contrary to petitioner's interpretation, the additional condition imposed by Civil Court merely precluded landlord from conducting duplicate discovery in a future licensee holdover proceeding against respondents. In the particular circumstances present, this was also a provident exercise of discretion (see CPLR §3217[b]; Siegel, Practice Commentary, McKinney's Cons. Laws of NY, Book 7B, CPLR C3217:13 at 734). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur 
Decision Date: December 06, 2016