Matter of Catherine Commons, LLC v Town of Orangetown (2018 NY Slip Op 00287)





Matter of Catherine Commons, LLC v Town of Orangetown


2018 NY Slip Op 00287


Decided on January 17, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 17, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2016-00623
 (Index Nos. 5002/11, 33561/12, 33437/13, 32944/14)

[*1]In the Matter of Catherine Commons, LLC, appellant,
v
Town of Orangetown, etc., et al., respondents- respondents, et al., Nyack Union Free School District, intervenor-respondent-respondent.


Mark F. Goodfriend (Susan Cooper, Nyack, NY, of counsel), for appellant.
Dennis D. Michaels, Deputy Town Attorney, Orangeburg, NY, for respondents-respondents, and Keane & Beane, P.C., White Plains, NY (Judson K. Siebert of counsel), for intervenor-respondent-respondent (one brief filed).



DECISION & ORDER
In four related proceedings pursuant to Real Property Tax Law article 7 to review real property tax assessments for the tax years 2011, 2012, 2013, and 2014, the petitioner appeals from so much of an order of the Supreme Court, Rockland County (Garvey, J.), dated December 22, 2015, as denied its motion pursuant to CPLR 3217(b) to discontinue the proceedings with respect to one of the subject tax lots, and, by permission, from so much of the order as, sua sponte, directed the parties to merge two of the subject tax lots.
ORDERED that the order is modified, on the facts and in the exercise of discretion, by deleting the provision thereof directing the parties to merge two of the subject tax lots; as so modified, the order is affirmed, with one bill of costs to the respondents-respondents and the intervenor-respondent-respondent.
The petitioner owns, among other things, a townhouse building containing seven individual townhouse units located on two adjacent tax lots in the Town of Orangetown, in the Village of Nyack, Rockland County. It commenced tax certiorari proceedings for those two lots, as well as a third unrelated tax lot, challenging the amount of taxes assessed for those properties in the assessment rolls of 2011, 2012, 2013, and 2014. The petitioner moved pursuant to CPLR 3217(b) to discontinue the proceedings with respect to one of the tax lots. The respondents, the Town of Orangetown, the Town of Orangetown Assessor, and the Town of Orangetown Board of Assessment Review, and the intervenor-respondent, Nyack Central School District (hereinafter collectively the respondents), opposed the motion, arguing, inter alia, that their ability to defend the proceedings would be prejudiced by the discontinuance.
The Supreme Court denied the motion, and, sua sponte, directed the parties to merge two of the subject lots. The petitioner appeals. We modify.
A motion for leave to discontinue an action is addressed to the sound discretion of [*2]the court (see Tucker v Tucker, 55 NY2d 378; Turco v Turco, 117 AD3d 719; GMAC Mtge., LLC v Bisceglie, 109 AD3d 874), and generally should be granted unless the discontinuance would prejudice a substantial right of another party, circumvent an order of the court, avoid the consequences of a potentially adverse determination, or produce other improper results (see Jamaica Hosp. Med. Ctr., Inc. v Oxford Health Plans [NY], Inc., 58 AD3d 686; Kaplan v Village of Ossining, 35 AD3d 816; DuBray v Warner Bros. Records, 236 AD2d 312).
Here, the Supreme Court providently exercised its discretion in denying the petitioner's motion, since the record supports the conclusion that the requested discontinuance would prejudice the respondents' ability to defend the assessment on the remaining parcel.
However, the Supreme Court improvidently exercised its discretion by, sua sponte, directing the parties to merge two of the subject tax lots. "Generally, a court may, in its discretion, grant relief that is warranted by the facts plainly appearing on the papers on both sides, if the relief granted is not too dramatically unlike the relief sought, the proof offered supports it, and there is no prejudice to any party'" (Clair v Fitzgerald, 63 AD3d 979, 980, quoting Frankel v Stavsky, 40 AD3d 918, 918-919; see Matter of Myers v Markey, 74 AD3d 1344, 1345). Here, neither party sought merger of the subject lots or similar relief, and merger of those lots could potentially be prejudicial to the petitioner.
DILLON, J.P., LEVENTHAL, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court