Matter of Blauvelt Mini-Mall, Inc. v Town of Orangetown (2018 NY Slip Op 01051)





Matter of Blauvelt Mini-Mall, Inc. v Town of Orangetown


2018 NY Slip Op 01051


Decided on February 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2016-00628
 (Index Nos. 33563/12, 33435/13, 32945/14, 32852/15)

[*1]In the Matter of Blauvelt Mini-Mall, Inc., appellant,
v
Town of Orangetown, etc., et al., respondents.


Mark F. Goodfriend (Susan Cooper, Nyack, NY, of counsel), for appellant.
Orangetown Town Attorney, Orangeburg, NY (Dennis D. Michaels of counsel), for respondents Town of Orangetown and Assessor and Board of Review of the Town of Orangetown, and Shaw, Perelson, May & Lambert, LLP, Valhalla, NY (Marc E. Sharff of counsel), for respondent South Orangetown Central School District (one brief filed).



DECISION & ORDER
In four related proceedings pursuant to Real Property Tax Law article 7 to review the tax assessments for six separate parcels of real property for the tax years 2012 to 2015, the petitioner appeals from an order of the Supreme Court, Rockland County (Garvey, J.), dated December 22, 2015, which denied its motion for leave to discontinue the proceedings as to five of the six parcels of land, and, sua sponte, directed that the six parcels be merged into a single tax lot.
ORDERED that on the Court's own motion, the appeal from so much of the order as, sua sponte, directed that the six parcels be merged into a single tax lot is deemed an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is modified, on the facts and in the exercise of discretion, by deleting the provision thereof directing that the six parcels be merged into a single lot; as so modified, the order is affirmed, with costs to the respondents.
The petitioner owns a shopping center situated on multiple contiguous lots in the Town of Orangetown. The 1992 site plan approval for the shopping center required that certain parcels be merged together to form one lot, but evidently, formal steps to effectuate the merger were never taken. The petitioner filed petitions pursuant to Real Property Tax Law article 7 challenging the annual assessments for six separate, contiguous parcels of real property for the years 2012 to 2015. After the court issued a scheduling order directing the exchange of trial appraisals and a trial date, the petitioner moved for leave to discontinue the proceedings as to five of the six parcels, claiming that those five parcels were underassessed by the Town in order to justify the Town's excessive assessment of the sixth parcel. In response, the Town asserted that the sixth parcel, lot 36, did receive a disproportionately high assessment "[f]or convenience to everyone"; however, the petitioner was not harmed because the remaining parcels were undervalued and the entire shopping center situated on the parcels was treated as one economic unit. It argued that it would be prejudiced if the petitioner's motion was granted because the six parcels were a single economic unit for tax purposes. The Supreme Court denied the petitioner's motion, and, sua sponte, directed that the six parcels be merged into a single tax lot.
A motion for leave to discontinue an action is addressed to the sound discretion of the court (see Tucker v Tucker, 55 NY2d 378; Turco v Turco, 117 AD3d 719; GMAC Mtge., LLC v Bisceglie, 109 AD3d 874), and generally should be granted unless the discontinuance would prejudice a substantial right of another party, circumvent an order of the court, avoid the consequences of a potentially adverse determination, or produce other improper results (see Marinelli v Wimmer, 139 AD3d 914; Jamaica Hosp. Med. Ctr., Inc. v Oxford Health Plans [NY], Inc., 58 AD3d 686; Kaplan v Village of Ossining, 35 AD3d 816; DuBray v Warner Bros. Records, 236 AD2d 312).
In this case, the Supreme Court providently exercised its discretion in denying the petitioner's motion, since the record supports the conclusion that the requested discontinuance would prejudice the respondents' ability to defend against the proceeding (see Matter of Catherine Commons, LLC v Town of Orangetown, _____ AD3d _____, 2018 NY Slip Op 00287 [2d Dept 2018]), and was improperly sought to avoid the consequences of a potentially adverse determination and to obtain an improper result.
However, the Supreme Court improvidently exercised its discretion by, sua sponte, directing that the six parcels be merged into a single tax lot. "Generally, a court may, in its discretion, grant relief that is warranted by the facts plainly appearing on the papers on both sides, if the relief granted is not too dramatically unlike the relief sought, the proof offered supports it, and there is no prejudice to any party'" (Clair v Fitzgerald, 63 AD3d 979, 980, quoting Frankel v Stavsky, 40 AD3d 918, 918-919; see Matter of Myers v Markey, 74 AD3d 1344, 1345). Here, the court failed to abide by this principle. None of the parties sought merger of the parcels or similar relief, merger of all the parcels at issue into one tax lot is not supported by the record, and merger of all the parcels could be potentially prejudicial to the petitioner.
DILLON, J.P., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court