Yovich v Montefiore Nyack Hosp. (2023 NY Slip Op 00047)

Yovich v Montefiore Nyack Hosp.

2023 NY Slip Op 00047

Decided on January 05, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 05, 2023

Before: Renwick, J.P., Gesmer, Kennedy, Scarpulla, Pitt-Burke, JJ. 

Index No. 33804/20 Appeal No. 17026 Case No. 2022-03120 

[*1]Michel Yovich as Administratrix of the Estate of Cheryl Diahann Ouidad, Plaintiff-Respondent,
v
Montefiore Nyack Hospital et al., Defendants-Appellants, Neal H. Shuren M.D., et al., Defendants.

Mauro Lilling Naparty LLP, Woodbury (Seth M. Weinberg of counsel), for appellants.
Sacco & Fillas, LLP, Astoria (Elliot L. Lewis of counsel), for respondent.

Order, Supreme Court, Bronx County (Michael A. Frishman, J.), entered June 15, 2022, which, to the extent appealed from as limited by the briefs, denied the motion of defendants Montefiore Medical Center (MMC) and Montefiore Nyack Hospital (Nyack Hospital) to dismiss the action against MMC in accordance with CPLR 3211(a)(1) and (a)(7) and to grant their renewed motion to change venue to Rockland County, unanimously reversed, on the law, without costs, and the motions granted to dismiss the complaint as against MMC and change the venue to Rockland County with respect to the action as against Nyack Hospital. The Clerk is directed to enter judgment dismissing the complaint as against MMC.
Plaintiff asserts causes of action for medical malpractice, lack of informed consent, and wrongful death against defendant Nyack Hospital, based on allegations that plaintiff's decedent received negligent treatment while at Nyack Hospital for four days in November 2018, through the time of her death. Plaintiff's claims against MMC are based on allegations that it operated Nyack Hospital as part of the Montefiore Health Systems, and thereby provided medical care to the decedent.
In support of the motion to dismiss, MMC and Nyack Hospital submitted documentary evidence that refutes the allegation that MMC provided care to the decedent. While on a motion to dismiss, the facts pleaded are presumed to be true and given every favorable inference, bare legal conclusions and factual claims that are either inherently incredible or flatly contradicted by documentary evidence are not entitled to such consideration (see Beattie v Brown & Wood, 243 AD2d 395 [1st Dept 1997]; Herman v Greenberg, 221 AD2d 251 [1st Dept 1995]). Thus, MMC cannot be liable under a malpractice theory, as there is no physician-patient relationship between MMC and the decedent (see McNulty v City of New York, 100 NY2d 227, 232-233 [2003]; Spina v Jack D. Weiler Hosp. of Albert Einstein Coll. of Medicine, 28 AD3d 311, 312 [1st Dept 2006]).
Furthermore, MMC and Nyack Hospital submitted documentary evidence in support of the motion, including certificates of incorporation establishing that Montefiore Health Systems, Inc. owned both entities, and that MMC did not own Nyack Hospital. In any event, the complaint does not contain allegations sufficient to support holding MMC liable on a theory of piercing the corporate veil, since it does not allege facts supporting a finding that MMC completely dominated and controlled Nyack Hospital or abused the privilege of doing business in the corporate form (CPLR 3211[a][7]; see Matter of Morris v New York State Dept. of Taxation & Fin., 82 NY2d 135, 142 [1993]; Sound Communications, Inc. v Rack and Roll, Inc., 88 AD3d 523, 524 [1st Dept 2011]). Moreover, the lack of discovery does not excuse plaintiff's failure to plead any facts that would support piercing the corporate veil (see Art Capital Bermuda Ltd. v Bank of N.T. Butterfield & Son Ltd., 169 AD3d 426, 427 [[*2]1st Dept 2019]), and the hope that something will turn up in discovery is an insufficient basis to deny the motion to dismiss (East Hampton Union Free School Dist. v Sandpebble Bldrs., Inc., 66 AD3d 122, 128-129 [2d Dept 2009], affd 16 NY3d 775 [2011]).
Upon dismissal of the claims against MMC, this case no longer has any connection to Bronx County. Thus, transfer to Rockland County, the location of Montefiore Nyack Hospital's principal place of business and where all the alleged malpractice occurred, is appropriate (CPLR 503[a]; Scuorzo v Safdar, 134 AD3d 511, 511 [1st Dept 2015]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 5, 2023