Cartagena v Volotsenko (2024 NY Slip Op 05480)

Cartagena v Volotsenko

2024 NY Slip Op 05480

Decided on November 07, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 07, 2024

Before: Kapnick, J.P., Kennedy, Scarpulla, Higgitt, JJ. 

Index No. 810091/23 Appeal No. 2989 Case No. 2024-02510 

[*1]Rosalfri Cartagena etc., Plaintiff-Respondent,
v
Dimitriy Volotsenko, D.D.S., Defendant-Appellant, John Hansford, D.M.D., et al., Defendants.

Rawle & Henderson, LLP, New York (Michael H. Zhu of counsel), for appellant.
Sullivan Papain Block McManus Coffinas & Cannavo P.C., New York (Christopher J. DelliCarpini of counsel), for respondent.

Order, Supreme Court, Bronx County (Michael A. Frishman, J.), entered April 8, 2024, which denied defendant Dimitriy Volotsenko, D.D.S.'s motion to dismiss the amended complaint, unanimously affirmed, without costs.
The motion court correctly denied defendant Volotsenko's CPLR 3211(a) motion. There is no basis to conclude that Volotsenko is directly liable for malpractice because he was not personally involved in the treatment of the patient (see Yovich v Montefiore Nyack Hosp., 212 AD3d 425, 426 [1st Dept 2023]). Volotsenko denied any such involvement, there is no reference to him in the dental records, and plaintiff did not claim otherwise before the motion court.
Nevertheless, Volotsenko's motion to dismiss was properly denied. Plaintiff has sufficiently alleged that Volotsenko may be held liable to the extent he effectively controlled all aspects of the clinic's administration, including its compliance with regulations regarding staffing and emergency protocols during the provision of anesthesia. Volotsenko did not submit documentary evidence proving otherwise (see Brown v LaFontaine-Rish Med. Assoc., 33 AD3d 470, 470-471 [1st Dept 2006]). Additionally, plaintiff has sufficiently alleged a claim for vicarious liability based on the allegation that Volotsenko supervised or controlled plaintiff's treating dentist (see Business Corporation Law § 1505[a][i]; Hill v St. Clare's Hosp., 67 NY2d 72, 79-80 [1986]). Volotsenko's affirmation denying this allegation does not constitute sufficient documentary evidence for the purposes of a CPLR 3211(a)(1) motion (Patterson Belknap Webb & Tyler LLP v Marcus & Cinelli LLP, 227 AD3d 505, 506 [1st Dept 2024]) and does not conclusively establish a defense to plaintiff's claim as a matter of law (Holder v Jacob, AD3d , 2024 NY Slip Op 03864, *7 [1st Dept 2024]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 7, 2024