Jane Doe Three v KIPP Academy Charter Sch. (2025 NY Slip Op 00629)

Jane Doe Three v KIPP Academy Charter Sch.

2025 NY Slip Op 00629

Decided on February 04, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 04, 2025

Before: Friedman, J.P., Gesmer, Gonzalez, Scarpulla, Pitt-Burke, JJ. 

Index No. 70426/21, 70425/21 Appeal No. 3614-3615-3616 Case No. 2023-04013, 2023-03597, 2024-00621 

[*1]Jane Doe Three, Plaintiff-Appellant,
v
KIPP Academy Charter School et al., Defendants-Respondents, City of New York et al., Defendants.

Jane Doe Two, Plaintiff-Respondent/Appellant,
v
KIPP Academy Charter School et al., Defendants-Respondents, KIPP Foundation et al., Defendants-Appellants/Respondents, City of New York et al., Defendants.

Newman Ferrara LLP, New York (Debra S. Cohen of counsel), for Jane Doe Three and Jane Doe Two, appellants/respondents.
Lewis Brisbois Bisgaard & Smith LLP, New York (Dean L. Pillarella of counsel), for KIPP Foundation and Michael Feinberg, appellants/respondents.
Biedermann Hoenig Semprevivo, New York (Sara E. Thompson of counsel), for Kipp Academy Charter School, Kipp New York Inc., David Levin, Frank Corcoran, Quinton Vance, Jerome Myers, Blanca Ruiz and Mitchell Brenner, respondents.

Order, Supreme Court, Bronx County (Michael A. Frishman, J.), entered July 14, 2023, which granted the motions of defendants KIPP Academy Charter School, KIPP New York, Inc., David Levin, Frank Corcoran, Quinton Vance, Jerome Myers, Blanca Ruiz, and Mitch Brenner and defendants KIPP Foundation and Michael Feinberg to dismiss the complaint as against them in index No. 70426/2021E, unanimously modified, on the law, to deny the motion with respect to the claims as against Levin and Corcoran, and otherwise affirmed, without costs.
Order, Supreme Court, Bronx County (Alicia Gerez, J.), entered on or about July 10, 2023, which, insofar as appealed from as limited by the briefs, denied the motion of defendants KIPP Foundation and Michael Feinberg to dismiss the complaint as against them in index No. 70425/2021E, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of said defendants.
Order, same court and Justice, entered January 3, 2024, which, insofar as appealed from as limited by the briefs, granted the motion to reargue of defendants KIPP Academy Charter School, KIPP New York Inc., David Levin, Frank Corcoran, and Quinton Vance and, upon reargument, granted their motion to dismiss the complaint, unanimously modified, on the law, and the original determination to deny the motion adhered to with respect to the claims as against Levin and Corcoran only, and otherwise affirmed, without costs.
These three appeals stem from two cases involving the alleged sexual abuse of two middle school students by the same teacher. It is undisputed that the students and teacher were part of the Knowledge is Power Program (KIPP) operating out of P.S. 156 at the relevant time.
The KIPP entity defendants (KIPP Academy Charter School, KIPP New York, Inc., and KIPP Foundation) should be dismissed from both actions. Documentary evidence conclusively established that these entities did not exist at the time of the alleged abuse because they had not yet been chartered or incorporated and that the KIPP program was instead being run under the auspices of defendant New York City Department of Education (see generally N-PCL 403; 8 Del C § 106; Rubenstein v Mayor, 41 AD3d 826, 828 [2d Dept 2007]). Although KIPP Foundation did exist for a small portion of the relevant period, there is no basis to hold it liable for any abuse occurring during that period because plaintiffs did not allege that it was responsible for setting student safety policies or for hiring, training, supervising, or disciplining staff.
The potential existence of some predecessor entity or entities is irrelevant in view of plaintiffs' failure to allege facts supporting any of the exceptions to the rule against assumption of a predecessor's tort liability (see generally Schumacher v Richards Shear Co., 59 NY2d 239, 244-245 [1983]). The doctrines of corporation by estoppel and de facto corporation are not properly considered because they are [*2]factual in nature and raised for the first time on appeal (see generally Continuum Energy Tech., LLC v Iron Oak, Inc. [USA], 223 AD3d 406, 407 [1st Dept 2024]).
The dismissal of the KIPP entity defendants does not preclude liability for the individual defendants to the extent such liability is premised on their own culpable conduct. However, the only individual defendants alleged to have had any role in hiring, training, supervising, or policymaking during the relevant time are Levin and, with respect to hiring, Corcoran. Therefore, the claims against defendants Michael Feinberg, Quinton Vance, Jerome Myers, Blanca Ruiz, and Mitch Brenner were properly dismissed.
There is no basis to deny dismissal as premature pursuant to CPLR 3211(d). The facts regarding the corporate existence of the KIPP entity defendants are based on undisputed documentary evidence and plaintiffs have not alleged facts supporting their other various theories of liability (see generally Yovich v Montefiore Nyack Hosp., 212 AD3d 425, 426 [1st Dept 2023]).
In view of the foregoing, we need not reach the parties' arguments with respect to the sufficiency of plaintiffs' negligent training allegations and immunity under N-PCL 720-a. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 4, 2025