Miller v 22 Ericsson Owner LLC (2025 NY Slip Op 51595(U))

[*1]

Miller v 22 Ericsson Owner LLC

2025 NY Slip Op 51595(U)

Decided on October 9, 2025

Supreme Court, New York County

Reed, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on October 9, 2025

Supreme Court, New York County

Larry Miller, Petitioner,

against

22 Ericsson Owner LLC, et. al., Respondents.

Index No. 650203/2022

Robert R. Reed, J.

The following e-filed documents, listed by NYSCEF document number (Motion 004) 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79 were read on this motion to DISMISS.

The following e-filed documents, listed by NYSCEF document number (Motion 005) 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132 were read on this motion for PREL INJUNCTION/TEMP REST ORDR.

The following e-filed documents, listed by NYSCEF document number (Motion 006) 154, 155, 156, 157, 158, 159, 160, 161, 162, 165, 166, 167, 168, 169, 170, 171, 172, 173, 174, 175, 176, 177, 178, 191 were read on this motion for ORDER OF PROTECTION .

The following e-filed documents, listed by NYSCEF document number (Motion 009) 205 were read on this motion for DISSOLUTION.

The following e-filed documents, listed by NYSCEF document number (Motion 010) 256, 257, 258, 260, 261, 262, 263, 264, 265, 266, 267, 268, 269, 271 were read on this motion to DISCONTINUE.
This is a special proceeding to dissolve several real estate limited liability companies that petitioner and respondents jointly own. In motion sequence 010, petitioner moves to discontinue the action. Respondents oppose the application. For the forgoing reasons, petitioner's motion is granted (mot. seq. no. 010), and motion sequence numbers 004, 005, 006, and 009 are denied as moot.

CPLR 3217 governs the voluntary discontinuance of a claim by any party, whether with [*2]or without leave of court. Any party asserting a claim may discontinue it without an order by serving upon all parties to the action a notice of discontinuance at any time before a responsive pleading is served or required, and, if a matter has been submitted to the court or jury, by a writing signed by the attorney for all parties (CPLR 3217 [a] [1], [2]). If the parties cannot agree to the terms of discontinuance, then the court is vested with the authority to discontinue an action upon terms the court deems proper and just (id. at subsection [b]).

Here, petitioner Larry Miller submits an affirmation in support of his motion (NYSCEF doc. no. 257), seeking dismissal of this action without prejudice. Petitioner affirms, under penalty of perjury, that, after consultation with his counsel, he has decided not to pursue the claims he has presented in this case. According to petitioner, he has elected to proceed derivatively in a separate action commenced in Queens County Supreme Court. The current matter before this court involves only individual claims asserted by petitioner; none of the claims presented here has been asserted derivatively. Petitioner now believes that the Queens Action is the proper mechanism for obtaining relief (id. at para. 2).

In opposition, respondent submits that the instant request is borne from petitioner's frustration with this court's rulings and denial of numerous applications in the three years since the action was filed and argues that the request to discontinue is nothing more than an attempt to engage in improper "forum shopping" (NYSCEF doc. no. 261, pg. 6). According to respondent, both suits involve substantially the same parties and issues. Each action asserts claims for breach of contract, breach of fiduciary duty, improper refusal to disclose, and mismanagement of the nominal companies. In the Queens action, as was the case here, petitioner demands judgment against respondent for compensatory damages and equitable relief and seeks preliminary injunctive relief (id.).

Further, respondents argue that petitioner is barred from commencing the action in Queens County. According to respondents, forum-selection clauses found in nearly all the operating agreements for the named companies require that any litigation involving the entities be brought in New York County (id. at 7). Therefore, it is respondents' view that petitioner should not be permitted to voluntarily discontinue this action without prejudice, as, respondents surmise, the discontinuance of this action will only result in the action being re-commenced in New York County following dismissal of the Queens case.

Here, the court can find no prejudice or special circumstances to warrant this court's refusal to recognize petitioner's request to discontinue this action (Bank of Am., Nat. Ass'n v Douglas, 110 AD3d 452 [1st Dept 2013][the lower court erred in declining to permit plaintiff to voluntarily discontinue the action where no special circumstances were shown and no evidence was presented that plaintiff sought to avoid an adverse determination][internal citations omitted]). The determination to permit plaintiff to voluntarily withdraw is generally within the sound discretion of the court, but the court cannot compel a party to litigate (id.).

Any question regarding the viability of the Queens action should be left to the Honorable Justice deciding the matter before it in that venue, and this court will not presume petitioner seeks discontinuance with malicious intent. There is no evidence before the court to suggest such malice. Absent special circumstances or documented prejudice, a discontinuance should be granted (id.).

However, there can be no question that being forced to defend an unnecessary action for three years comes with associated costs.

In Carter v. Howland Hook Housing Corporation, the Appellate Division upheld a lower [*3]court order that granted a plaintiff's request to voluntarily discontinue its action in New York County, to permit plaintiff to file a second action in Kings County. There, the lower court conditioned discontinuance upon plaintiff's payment of defendant's costs, disbursements, and attorneys' fees to eliminate any prejudice and burden attributable to plaintiff's discontinuance in New York County (Carter v Howland Hook Hous. Co., 19 AD3d 146 [1st Dept 2005]).

Similarly here, respondents submit that they have incurred costs and expenses associated with the filing and defending of motions, appearances in court for oral argument, disclosures, written discovery, and "meet-and-confers" for the three years the litigation has been ongoing in New York County (NYSCEF doc. no. 261 pg. 24). Respondents request that, should this court find that discontinuance is proper, the discontinuance be conditioned upon the payment of respondents' costs and fees associated with this action. The court finds that respondents' request is proper (Carter, 19 AD3d 146).

Accordingly, it is hereby

ORDERED that plaintiff's motion to discontinue this action (motion seq. no. 010) is granted, and this action is hereby discontinued, without prejudice, conditioned upon the payment by petitioner to the respondents for respondents' costs, expenses and disbursements from the date of commencement of this action to the date of this order granting discontinuance; and it is further

ORDERED that, within ten (10) days of entry of this order, the parties shall submit a stipulation agreeing to a stated calculation of respondents' costs, disbursements and expenses to the court for so-ordering, or, within fifteen (15) days of the entry of this order, respondents shall submit to the court a proposed order granting costs and expenses with an accompanying bill of costs and attendant affidavit(s); and it is further

ORDERED that motion sequence numbers 004, 005, 006, and 009 are denied, without prejudice, as moot; and it is further

ORDERED that this action shall be deemed discontinued for all purposes except that any party may make an application by order to show cause to restore this action for purposes of confirming or vacating a JHO/Special Referee's determination on the amount due and owing to Morrison Cohen LLP (if any) and the amount of any charging lien (if any) for services rendered as outgoing counsel for respondents (Decision + Order, NYSCEF doc. no. 246); and it is further

ORDERED that all parties shall appear for a virtual conference on January 29, 2026 at 12 noon to confirm payment of fees and disposal of this action.

DATE October 9, 2025
ROBERT R. REED, J.S.C.